IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. RUSH, )<br>  Plaintiff, )<br>  v. )<br>CORRECTIONAL MEDICAL SERVICES, Inc, et al, )<br>  Defendants. ) | C.A. 07-514-SLR |

**MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

COMES NOW, pro se plaintiff, David Rush (Rush) pursuant to Fed. R. Civ. P., rule 65 & 65(b) and any appropriate Local Rules and moves the Court to immediately issues a preliminary injunction directing Correctional Medical Services (CMS) to provide Rush with the below listed emergency medical care. Immediate action is warranted in this particular case because Rush faces an Emergency life and death situation (i.e. Immanent premature death) that Rush faces.

DECLARATION IN SUPPORT OF RUSH'S MOTION FOR TRO/PI

1. I, David Rush, am the plaintiff in the above action, and Rush declares under penalty of perjury the following in support for the instant TRO/PI motion is true and correct:

2. Rush requires immediate emergency medical care to avoid the following (1) The acute pain and suffering of his late-stage Lipoma growths, which has significantly impaired Rush's normal daily functions and has also caused significant residual/collateral permanent injury, and (2) An immanent premature death through liver failure and/or related equally fatal collateral injuries (e.g. ruptured esophagus/internal bleeding, etc.), and (3) A very real and fast approaching loss chance of recovery whatsoever.

   For example, Rush requires the following immediate emergency medical care:

   (a) Immediate excision of his acutely painful Lipoma growths and appropriate rehabilitation of his atrophied right shoulder, damaged muscles, nerves, tissue, and or blood vessels;

   (b) Immediate emergency medical care for Rush's late-stage and acute Hep C and Liver Cirrhosis, in which Rush has already suffered a near fatal collateral permanent injury (i.e. ruptured esophagus, blood vessel damage and significant and irreversible liver cirrhosis, etc).

Moreover, immediate action is necessary to mitigate a complete loss chance of recovery and significant premature death. (See Ex. Section 1 at item B Affidavit).

**SECTION 1. ACUTELY PAINFUL LIPOMAS AND ATROPHIED SHOULDER MUSCLE**

3. As stated in the complaint, Rush suffers a diagnosed serious medical condition –several late-stage and acutely painful Lipoma growths- that has caused and continues to cause Rush to suffer the following:

   (a) Acute pain and suffering that significantly impairs Rush's normal daily functions, and which has caused significant deterioration to Rush's physical being;

(b) Has caused or is causing significant collateral residual permanent injury, such as an atrophied shoulder (i.e. droopy or sloping down muscle), etc;

(c) Has caused or is causing frequent ruptured blood vessels, pinched and aggravated muscles, nerves, and deep bruising and related permanent tissue damage/and or nerve damage;

(d) Has caused or is causing Rush to experience significant mental and emotional distress and damaged reputation and standing in the community; and

(e) Does present a significant residual threat to Rush's future health via falling or collapsing incidents and/or dropping of items on himself or others. (Rush incorporates items 17-135, 146-220 and 221-288 of his Complaint, D.I. _____ ) (Complaint).

### SECTION 2. LATE-STAGE ACUTE HEPITITUS C AND LIVER CIRRHOSIS

4. As stated in the Complaint, Rush suffers a diagnosed serious medical disease –known to cause significant permanent injury and end-organ failure and premature death- Hepatitis C and Liver Cirrhosis that has already caused and continues to cause Rush to suffer the following:

(a) Has caused or is causing significant permanent injury (e.g. At minimum stage three of four stages of liver disease);

(b) Has caused or is causing significant and rapidly worsening increase in Rush's liver enzyme levels;

(c) Has caused or is causing significant and rapidly worsening decrease in platelet levels;

(d) Has caused or is causing significant and rapidly worsening increase viral load levels;

(e) Has caused or is causing significant related collateral near fatal permanent injuries (e.g. ruptured esophagus and blood vessels causing significant and serious internal bleeding) (See Ex. Section 1 at item B Affidavit);

(f) Has caused or is causing significant a very real and fast approaching threat of a loss chance of any recovery whatsoever; and

(g) Has caused a very real and fast approaching threat of premature death. (See Ex. Section 1 at item B Affidavit) (Rush incorporates items 290-423 of his Complaint herein).

5. For the points above and those presented in Rush's Memorandum in Support of the TRO/PI, Rush believes the Court is warranted in ordering immediate and emergency medical care to treat Rush's acutely painful Lipoma growths, and his permanent and life threatening Hepatitis C and Liver Cirrhosis.

6. The above is a product of Rush's personal knowledge, observations, experiences, and/or derived from Rush's official medical records, and as such Rush declares under penalty of perjury pursuant to 28 U.S.C. section 1746 that his attestations are True and Correct.

Sworn and Subscribed before me this  23  day of August 2007.

*David Rush*
David Rush, SBI # 173418, 1181 Paddock Rd.
Smyrna, DE 19977

*Timothy J. Marts*
Notary Public
Commission expires: June 14, 2008

2

I/M: DAVID RUSH
SBI# 173418   UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID W. RUSH, )
    Plaintiff, )
    v. )    C.A. __07-514-SLR__
CORRECTIONAL MEDICAL SERVICES, Inc, et al, )
    Defendants.

FILED SEP 12 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Upon the supporting affidavit of the Plaintiff, Rush, and the accompanying memorandum of law, it is ORDERED that the defendant Correctional Medical Services (CMS), show cause in room _____ of the United States Courthouse, 844 King St., Wilmington, DE 19801, on the _____ day of _____ 2007, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65 (a) and (b), Fed. R. Civ. P., enjoining said defendant, its successors in office, agents and employees and all other persons acting in concern and participation with CMS, to provide adequate medical care to David Rush in the following manner:

    A. Provide immediate excision of his Lipoma growths, and

    B. Provide any necessary rehabilitation of his right shoulder and any damaged muscle, nerve, tissue, and or blood vessels in relation to the Lipoma growths; and

    C. Provide immediate adequate treatment for Rush's acute-late stage Hepatitis C and Liver Cirrhosis, and ensure weekly monitoring of the Interferon treatments for dangerous effects, which would mandate ending the treatment;

    D. And in the event that Rush is now ineligible for any viable Hep C treatment, then CMS is to ensure that Rush is placed on a liver transplant list commensurate with his progressive level of liver disease,

    E. And provide any other necessary medical care that may be warranted and/or needed to make Rush whole again in relation to his Lipomas and Hep C and Liver Cirrhosis.

IT IS FURTHER ORDERED that the above is effective immediately, pending the hearing and determination of this Order to Show Cause. IT IS FURTHER ORDERED that this Order to Show Cause, and all other papers attached to this application, shall be served on defendant CMS by _____ 2007, and the U.S. Marshal Service is hereby directed to effectuate such service.

_____
HONORABLE JUDGE,