IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID RUSH, | ) |
|     Plaintiff, | ) |
|     v. | )    C.A. 07-514-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) |
|     Defendants. | |

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, David Rush, pursuant t 28 U.S.C. Section 1915(e) (1) and any other authority, and does request this Court to appoint counsel in this case for the following:

1. Rush's case has legal and factual merit (See Affidavit below);
2. Rush is unlettered and unfamiliar in the law and or in legal procedure;
3. Rush's ability to present his own case is greatly impaired by his medical conditions;
4. Rush's case is uncommonly complicated;
5. Rush's case will likely require the testimony of a medical expert;
6. Rush's case requires extensive discovery;
7. Rush's facts will likely be strongly disputed and credibility will be a key issue in the proceedings;
8. Rush is unable to afford professional counsel, though he has attempted to secure representation on numerous occasions;
9. Rush seeks counsel to realize meaningful, good faith settlement negotiations with multiple defendants; and
10. Rush requires professional counsel to assist him to locater and serve hard to find defendants.

WHEREFORE, as set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of Rush's claims, Rush believes his request for appointment of counsel is warranted and that it will server fairness and judicial resources.

*David Rush*
David Rush, SBI #173418
DCC, 1181 Paddock Rd.
Smyrna, DE 19977

June 7, 2007
Date

FILED
SEP 1 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BP scanned

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID RUSH, | ) |
|     Plaintiff, | ) |
| v. | )   C.A. 07-514-SLR |
| CORRECTIONAL MEDICAL SERVICES, Inc, et al, | ) |
|     Defendants. | |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

1. I, David Rush, of Delaware in the county of New Castle, am the Plaintiff in the above captioned case, and this Affidavit is offered in support of Rush's motion for appointment of counsel.

2. Rush's complaint alleges –in pertinent part- that he suffers from several objectively serious medical diseases/conditions (e.g. acutely painful Lipoma growths, degenerative cist in right shoulder, and Hepatitis C). If further alleges that defendants –both individual and corporations- were knowledgeable of Rush's serious medical needs, but that they deliberately denied Rush adequate needed medical care; deliberately provided substandard care, and or deliberately created an inordinate delay in providing the known needed care. That defendants' acts or omissions to act did create a substantial and likely risk to Rush's health and well being, did cause Rush permanent injuries, did cause adverse and significant impairment of Rush's normal daily functions, and did cause Rush pain and suffering unnecessarily. That defendants' acts and omissions to act, however, were devoid of any legitimate medical or penological factors, and devoid of any exercise of professional medical judgment.

3. Additionally, various defendants engaged in retaliation against Rush in a direst response to his efforts to seek redress for the above deliberate indifference (DI) when Rush utilized the protected right to seek redress via the administrative grievance procedure (AGP) and ultimately attempted to impeded Rush from meaningful access to the courts. Indeed, Rush had to employ extraordinary means to force DDOC to intervene (i.e. re-open Rush's improperly obstructed medical and reprisal grievances against defendants), and had Rush not been successful, then defendants would have succeeded at absolutely barring Rush's access to the courts.

4. Rush is a high school graduate, however, he has absolutely no knowledge of the law or of the legal process. Indeed, Rush was fortunate enough to acquire the assistance of another to draft his complaint, initial discovery, and the instant motion, however, Rush no longer has access to such assistance and his meritorious case will suffer irreparable prejudice absent professional assistance.

5. Rush's ability to present his own case is also impaired by his several medical conditions:
   a. Rush suffers from acute hypothyroidism, which cause acute chronic fatigue and clinical depression;
   b. Rush suffers from Hep C, and the needed medications that he is seeking to receive also create a marked increase of chronic fatigue and depression;
   c. Rush's other ailments listed in his complaint cause a significant impairment of his normal daily functions.

6. Rush's ability to present his own case is also impaired is aggravated by the utter lack of meaningful access to the compound's Law Library. For example, there is limited space and it is not uncommon for one to get bumped for up to two weeks from any access to the law library whatsoever. There is no mail order/paging system in place at all. When one receives access to the law library, he is limited to no more than two ninety minute sessions per week.

7. Rush's case is uncommonly complex due to the following:
   a. It involves several different counts of medical claims and also a retaliation claim against nine different individual defendants and two corporate defendants, and sorting out personal involvement will require professional representation;
   b. It involves two different corporate defendants that are/were contracted over the period and complex issues arise over corporate liability and contractual liability.
   c. It involves complex issues of liability issues regarding statute of limitations: date of discovery and continuing violations;
   d. It involves complex legal theory (i.e. State of Mind), of which is beyond the skill set of this pro se plaintiff;
   e. It involves complex factual issues that require the specialized knowledge of a medical expert; and
   f. It involves corporate health care defendants who will likely present their own medical experts; however, effective trial/cross examination of expert witnesses is beyond the skill set of this pro se plaintiff.

8. Rush's claims will likely require the testimony of medical expert to (a) counter state official's expert witnesses and (b) to have an independent expert with specialized knowledge to assist the trier of fact to understand the evidence or to determine a medical fact at issue.

9. Rush's claims will require extensive discovery:
   a. Because some claims span several years, for example, one claim spans four years (2003-2007) as a continuing violation and or due to date of discovery;
   b. Because Rush's medical claims involve separate and distinct diseases/conditions; all of which cause separate and distinct symptoms/health risks; all of which mandate separate and distinct discovery materials;
   c. Rush seeks to utilize essential discovery methods (e.g. depositions), and in fact, Rush intends to depose several past employee defendants and non-defendant witnesses regarding defendant corporations' custom/policy to deny needed medical care for non-medical reasons.

10. Rush expects the facts to be strongly disputed, especially in view of the fact that defendants have already demonstrated a propensity to misstate facts, medical records, and retaliate against Rush.

11. Rush is indigent and has solicited representation from seven different law firms, but was unsuccessful.

12. Rush seeks to resolve his claims against several individual defendants by offering them attractive settlement proposals: Rush intends to settle all claims and provide a full waiver to select individual defendants in exchange for their cooperation in providing acceptable, truthful testimony regarding their corporate employer's custom/policy to deny needed medical care for non-medical reasons. Counsel will prove invaluable in this. It will serve judicial economy.

13. As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of Rush's claims, supports the appointment of counsel to represent plaintiff's claims before this Court.

14. The above is true and correct t the best of Rush's knowledge.

Sworn and Subscribed before me this ___7th___ day of ___June___, 2007.

*David Rush*
David Rush, SBI #173418

*Timothy J. Martz*
(Notary Public)

Commission expires: June 14, 2008

I/M DAVID RUSH
SBI# 173418 UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

UNITED STATES POSTAGE
PITNEY BOWES
02 1A $ 01.31⁰
0004608975 SEP 11 2007
MAILED FROM ZIP CODE 19977

U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

U.S.M.S.
X-RAY