IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. RUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 07-514-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| ) | |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DELAWARE DEPARTMENT OF CORRECTION'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

COMES NOW, the Delaware Department of Correction ("DDOC"), by and through undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motion for a Temporary Restraining Order/ Preliminary Injunction (the "Motion for Injunctive Relief") (D.I. 7, 8). In support of the Response, the DDOC states as follows:

1.     Plaintiff David Rush. ("Plaintiff") is an inmate presently incarcerated at the Delaware Correctional Center. ("DCC").  He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.     Plaintiff's present incarceration at DCC began on October 30, 1980. According to his medical records[1] he has a history of lipomas[2] which began in his

---

[1] The Department of Correction has requested a complete copy of David Rush's medical records. The records are being produced under seal to the Honorable Court for review.

[2] A lipoma is a benign tumor of chiefly fatty cells - The American Heritage Dictionary, Second College Edition

youth. On March 16, 2005 he complained of burning and tingling sensations in his arms he believed was caused by lipomata compressing his nerve. (See Exhibit "A"). Dr. Alie requested that plaintiff be seen for further evaluation or excision. Id. Medical records indicate that plaintiff's medical condition for lipomas was being managed as reflected by medical visits January 5, 30, and February 10, 2006. In addition plaintiff complains of an atrophied shoulder muscle as a residual injury resulting from the lipomas. (Complaint, *passim*). On or about May 5, 2006, Dr. Durst referred plaintiff for an MRI of his right shoulder. (See Exhibit "B").

        3.      Plaintiff was diagnosed with Hepatitis C in 2006. Plaintiff's medical chronic care clinic documentation dated September 9, 2006 indicates that he and medical discussed the treatment protocol for Hepatitis C and the side effects of the treatment. (See Exhibit "C"). It appears from the medical records that plaintiff signed an "Informed Consent for the Intervention of Hepatitis C with Interferon and Ribivarin Therapy." (See Exhibit "D"). He underwent a liver biopsy on December 15, 2006 which confirmed a diagnosis of hepatitis with steatosis and fibrosis. (See Exhibit "E"). On or about January 22, 2007 plaintiff was evaluated by the Delaware Clinical & Laboratory Physicians, P.A. concerning treatment for hepatitis C. (See Exhibit "F"). Records from the Chronic Care Clinic reflect that plaintiff receives periodic monitoring of his condition. On or about June 24, 2007, the medical records indicate that plaintiff underwent surgery at the Bay Health Medical Center after being admitted for upper gastrointestinal bleeding. Id. The medical report concluded that the GI bleed was variocele with probable underlying cirrhosis from hepatitis C. Id.

4. In July 2007, plaintiff received a battery of tests which appear to be used to monitor his Hepatitis C condition and overall health. (See Exhibit "G"). Chronic Disease Clinic Follow-up records - Dr. McDonald last visit August 18, 2007, and Dr. VanDusen last visit August 23, 2007 – show that plaintiff has been examined by the medical staff at DCC and labs are drawn regularly. Moreover, In addition to the aforementioned tests, Medical records indicate that plaintiff has been found to have hyperthyroidism which he has been trying to control before starting interferon.

5. Plaintiff's medical records appear to indicate that the medical staff is monitoring and testing his condition.

6. On or about August 22, 2007, plaintiff filed a complaint against the Correctional Medicals Services, Inc., et al (the "Initial Complaint") (D.I. 2). On September 12, 2007, he filed a motion for a temporary restraining order and preliminary injunction seeking emergency treatment for of his lipomas, atrophied shoulder muscle, his Hepatitis C, and liver cirrhosis (D.I. 7, 8). This Court ordered CMS and the Attorney General's Office[3] to file a response to plaintiff's motion. This is the Department's Response in Opposition to the Motion.

7. A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

8. The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not

---

[3] The Attorney General's Office responds on behalf of the Delaware Department of Correction.

result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

9. To obtain a preliminary injunction plaintiff must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his deliberate indifference claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

### I. Plaintiff Is Not Likely To Succeed On The Merits Of His Deliberate Indifference Claim.

10. To demonstrate a likelihood of success on the merits of a claim for deliberate indifference pursuant to 42 *U.S.C.* § 1983 a plaintiff must first prove that the defendant had personal involvement in the alleged wrongs he received. Second, he must demonstrate that his claims are likely to meet the test for deliberate indifference.

#### A. The Delaware Department of Correction is not personally involved in plaintiff's medical treatment.

11. To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the

defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981). Further, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)).

12.     Plaintiff does not allege that prison officials were involved in the medical treatment that he receives nor has he alleged in his Motion for Injunctive Relief or his Complaint that any prison official is personally involved in his medical treatment. Moreover plaintiff's medical grievances are not enough to impute knowledge or personal involvement to prison officials. *See Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208)). Prison officials are not personally involved in plaintiff's alleged claims. Therefore plaintiff is not likely to succeed on the merits of his § 1983 deliberate indifference action against prison officials and the Motion for Injunctive Relief should be denied.

    **B.**  **Prison Officials have not been deliberately indifferent to Plaintiff's medical needs.**

13.     Assuming, *arguendo*, that plaintiff can demonstrate that prison officials are personally involved in his medical treatment, he must also show that he is likely to succeed on the merits of a deliberate indifference claim.

14.     To demonstrate a cognizable claim of deliberate indifference under the Eighth Amendment a prisoner must prove that, (1) the defendant was deliberately

indifferent to his medical needs; and (2) his medical needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official will not be considered deliberately indifferent simply because he "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Moreover, to establish deliberate indifference, a plaintiff must demonstrate a culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

15.   For the purposes of this Response prison officials concede that plaintiff's medical conditions are serious. Therefore the second prong of the test is satisfied. Prison Officials, however, have not been deliberately indifferent to plaintiff's medical needs. Plaintiff's medical records clearly show that he is being treated by the prison doctors. Plaintiff is a member of the Chronic Care Clinic, his records indicate that he is seen by medical staff several times each month and he receives tests to monitor his condition. Given his treatment by the medical staff, he cannot prove that prison officials have been deliberately indifferent to his medical needs.

16.   Plaintiff's medical records indicate that he has been and continues to be under the treatment of the prison doctors. Therefore plaintiff cannot prove that he is likely to succeed on the merits of his deliberate indifference claim against prison officials and the Motion for Injunctive Relief should be denied.

> **II.   Plaintiff Will Not Suffer Irreparable Injury If The Request For Injunctive Relief Is Denied.**

17. To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Moreover injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

18. Plaintiff cannot prove that he will suffer irreparable injury if his request for relief is denied. Plaintiff's medical records appear to indicate that he is, in fact, receiving monitoring and tests for his medical condition. The records do not support Plaintiff's allegations that he is not receiving treatment at this point in time and will not receive it in the future. Therefore Plaintiff cannot show that he is in danger of suffering irreparable harm and he cannot support a claim for injunctive relief.

19. Plaintiff's medical records appear to indicate that the medical staff is testing and monitoring his Hepatitis C condition. He continues to receive medical treatment for the management of his lipomas and associated problems. Moreover, plaintiff recently made a request to Dr. Rodgers to send a medical release to his employer in order that he may return to work. (See Exhibit "I"). Any allegations of deliberate indifference against prison officials cannot be supported. Therefore plaintiff cannot meet his burden for a preliminary injunction and the Motion for Injunctive Relief should be denied as to the Department of Correction.

WHEREFORE, The Delaware Department of Correction respectfully requests that this Honorable Court deny plaintiff's motion for injunctive relief as against prison officials.

                              STATE OF DELAWARE
                              DEPARTMENT OF JUSTICE

                              */s/ Ophelia M. Waters*
                              Ophelia M. Waters (#3879)
                              Deputy Attorney General
                              Carvel State Office Building, 6th Floor
                              820 N. French Street
                              Wilmington, DE  19801
                              (302) 577-8400
                              Attorney for Department of Correction

Dated: September 19, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DAVID W. RUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 07-514-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| ) | |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| et al., ) | |
| Defendants. ) | |

**ORDER**

Upon the Plaintiff's Motion for Injunctive Relief (D.I.7), and the Delaware Department of Correction's Response in Opposition thereto; and it appearing that good and sufficient notice of Plaintiff's Motion and Department of Correction's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief is **DENIED** as to the Delaware Department of Correction.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed *Defendants' Response in Opposition to Plaintiff's Motion for Injunctive Relief* with the Clerk of Court using CM/ECF. I hereby certify that on September 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: David W. Rush, SBI No.: 173418, Delaware Correctional Center, 1181 Paddock Road, Smyrna DE 19977.

/s/ Ophelia M. Waters
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
ophelia.waters@state.de.us