IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. RUSH, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-514 SLR |
| CORRECTIONAL MEDICAL SYSTEMS, et al., | : | |
| Defendants. | : | |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S[1]
RESPONSE TO PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION</u>**

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel of record, hereby responds to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, and states as follows:

1.     "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.' " *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a preliminary injunction, the Court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992).  Plaintiff does not carry this burden and so the Motion should be denied.

---

[1] Improperly named as "Correctional Medical Systems".

2.	Plaintiff's Motion seeks the following medical treatment: surgical removal of lipoma; and treatment for Hepatitis C.  The latter issue is moot based on the affidavit of Lawrence McDonald, M.D. (Exhibit "A" hereto); The Plaintiff's lipoma are not life-threatening and their removal would be cosmetic and elective.

*Plaintiff's Motion to Obtain Medical Treatment for Hepatitis C is Moot.*

3.	Plaintiff's Motion is moot with respect to his request for treatment for Hepatitis C. Plaintiff was seen for consult with Scott Hall, M.D in January 2007.  A report issued on or about January 22, 2007. (Exhibit "B").  Subsequent preparatory tests showed some readings of concern, but doctors VanDusen, Niaz and McDonald continued to work toward the desired goal: stabilization of Plaintiff's condition such that the Interferon protocol would be in the Plaintiff's best interest.  Following Dr. Scott's opinion, Plaintiff was seen and/or orders entered regarding his suitability for Hepatitis C treatment on February 13, March 24, April 18, May 25, August 18 and August 23, 2007.  Exhibit "C".  Each time, additional tests were ordered. Exhibit "D". Plaintiff may have begun treatment earlier, but for thyroid problems and an upper gastrointestinal hemorrhage that required hospitalization in June 2007. (Exhibit "E"). Nonetheless, Plaintiff's condition is now stable enough, and his lab results now favorable enough, that he is now scheduled to begin treatment. (Exhibit A).  Plaintiff is currently scheduled to meet with Dr. McDonald on September 29, 2007 to begin his Interferon protocol, assuming that his medical condition remains stable. (Exhibit A). Therefore, Plaintiff's Motion should be denied as moot with respect to this issue.

*Plaintiff's Motion for Elective Surgical Treatment Should be Denied*

4.	Plaintiff cannot support his burden with respect to his complaints regarding his lipoma. As stated above, he must persuade the Court on four elements: 1) the likelihood of success on

the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if *all four* factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992) (emphasis supplied).

5.    Plaintiff cannot show that he is likely to succeed on the merits. In order to do so, he must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to such need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The condition complained of, lipoma, are benign and not life-threatening and do not constitute a serious medical condition. (Affidavit of John Conlon, M.D., Exhibit "F"). Moreover, Plaintiff has been seen in consultation by dermatologists and by CMS physicians who have monitored and treated his conditions. He cannot show either a serious medical need or deliberate indifference. Thus, the first element of the test fails to support Plaintiff's Motion.

6.    The removal of these lipoma is cosmetic and elective and they do not present a threat to the Plaintiff's health. (*Id.*). If the lipoma were to become infected or abscessed, treatment would then be considered, but they are not, and so the condition for which Plaintiff seeks treatment is not such that he will be irreparably harmed in the absence of such treatment. Accordingly, he fails to meet the second element of the analysis. The third element tips in favor of CMS as well, to the extent that granting Plaintiff the requested treatment will set a precedent to provide elective, cosmetic surgical procedures to inmates at incredible expense to CMS and, in the future, when new contracts are negotiated, ultimately, to the State of Delaware and its taxpayers. The fourth element, service of the public interest, implicates the cost and inequity to the taxpayer of providing funding for such elective, cosmetic surgical procedures to inmates

when such services may not be affordable to taxpayers at large, who then would have to live with their condition just at the Plaintiff does.

7.    Plaintiff asserts that the lipoma constitute a life-threatening condition, but provides no medical evidence.  He contends that the lipoma have caused damage to his shoulder, with no medical evidence of causation.  Plaintiff offers the affidavit of another prisoner who had a growth removed, with no medical testimony to tell the Court why the two situations were similar or how they may have been different.  This Motion should be denied.

WHEREFORE, for the foregoing reasons, Correctional Medical Services, Inc. hereby respectfully requests Plaintiff's Motion be denied.

BALICK & BALICK, LLC

    /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc.,

Date:   September 19, 2007

4

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 19th day of September 2007, the foregoing Defendant Correctional Medical Services, Inc.'s Response to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction was filed via CM/ECF and served First Class Mail upon the following:

>David R. Rush
>SBI # 173418
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>/s/ James E. Drnec
>James E. Drnec, Esquire (#3789)