IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-514-SLR |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of October, 2007, having considered plaintiff's motion for temporary restraining order/preliminary injunction (D.I. 7), and the papers submitted thereto;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background**. Plaintiff, David R. Rush, an inmate housed at the Delaware Correctional Center ("DCC"), filed a motion for temporary restraining order/preliminary injunction. (D.I. 7) The motion states that plaintiff requires emergency medical care for treatment of his acutely painful lipoma growths, atrophied shoulder muscle, late stage Hepatitis C, and liver cirrhosis. The court ordered defendant, Correctional Medical Services ("CMS"), and the Attorney General of the State of Delaware to file responses to plaintiff's motion. (D.I. 13) Responses were filed along with plaintiff's medical records. (D.I. 17, 18, 19, 20)

2. **Standard**. When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result

in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

    3. **Discussion**. Defendants CMS and the Delaware Department of Correction ("DOC") respond that plaintiff's motion should be denied. More specifically, the DOC argues that plaintiff's medical records appear to indicate that the medical staff is monitoring and testing plaintiff's condition. CMS argues that plaintiff's motion is moot with respect to his treatment for Hepatitis C. It argues that plaintiff's request for elective surgery to treat lipoma should be denied inasmuch as the condition is not life-threatening and does not constitute a serious medical condition. Additionally, CMS notes that plaintiff has been seen by consulting dermatologists and CMS physicians who have monitored and treated his condition

    4. The medical records submitted indicate that plaintiff is receiving ongoing care and treatment and is being followed for his medical conditions. (D.I. 18, 20) Plaintiff has been evaluated for Hepatitis C treatment and, assuming he remains stable, was scheduled to begin treatment on September 29, 2007. (D.I. 19, aff. Dr. Lawrence McDonald)

    5. Plaintiff contends, but provides no evidence to support his position, that he has "late-stage" lipoma which is a serious medical condition. Dr. John Conlon ("Dr.

Conlon") avers that plaintiff's skin lipoma is benign and not life-threatening. (D.I. 19, aff. Dr. John Conlon) He further avers that lipoma do not present an immediate threat to plaintiff's health. Id. Also, the removal of lipoma is a cosmetic and elective surgical procedure. Id.

    5. Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. The records indicate that plaintiff has received, and continues to receive, care for his medical conditions. Moreover, the medical records indicate that CMS is monitoring plaintiff's conditions. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

    6. **Conclusion**. Therefore, the motion for temporary restraining order/ preliminary injunction (D.I. 7) is **denied**.

_____
United States District Judge