IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID R. RUSH,                                    )
     Plaintiff,                               )
     v.                                       )    C.A. 07-514-SLR
CORRECTIONAL MEDICAL SERVICES, Inc, et al,        )
     Defendants.                              )

### PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS

COMES NOW, pro se plaintiff, Rush, pursuant to the appropriate Local Rule of the United States District Court for the District of Delaware and Fed. R. Evid. 702, 706 (a) and 28 U.S.C. section 1915 and does respectfully request the Court to appoint a medical expert t assist the Court and the trier of fact to understand evidence and or to determine the medical facts in issue. Rush offers the following:

Rush is pro se and seeks pleading leniency pursuant to Haines v. Kerner, 404 U.S. 519 (1972). Rush offers the following in support:



1.  The Court granted Rush's in forma pauperis status on _____, and Rush's complaint is with merit.

2.  Rush's complaint primarily concerns several claims of deliberate indifference to his several serious medical conditions in violation of his constitutional rights.

Rush's complaint raises at least three (but does not waive any claims that the facts may give rise to), serious medical conditions of which he seeks immediate medical care. They are as follows:

A.  Hepatitis C: (Requires immediate and consistent Interferon treatments, etc.) (See Compl. _____ to _____);

B.  Acute-late stage Lipoma growths: (Require immediate excision and possible skin, muscle, blood vessel, and or nerve repair/reconstruction, and physical therapy) (See Compl. at _____ to _____); and

C.    Degenerative and painful right shoulder condition with cist, etc., which requires a specialist consultation and comprehensive exam, recommendation, and follow up. (See Complaint at _____ to _____).

4.  Though Rush believes that any layman could determine his medical conditions are obviously serious medical conditions for the purpose of a deliberate indifference claim, Rush avers appointment of a medical expert is necessary because the issues of fact that the Court and or jury must decide will also center on whether and to what extent Rush experienced residual damage as a result of defendants' deliberate indifference.

5.  Rule 702 of the Federal Rules of Evidence provides, in pertinent part, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert...may testify thereto...."

6.  Although it appears that the Third Circuit has yet to address the issue, other federal courts have addressed the matter of whether, and when, an expert witness should be appointed in a pro se deliberate indifference case. See Helling v.McKinney, 509 U.S. 25, 113 S.Ct. 2475 (1993). (Suggesting the appointment of expert witness on the health risks of environmental tobacco smoke).

7.  Rush's complaint and raises complicated issues of direct physical injury (e.g. Liver damage, kidney damage, significant increased risk of diabetes, disfigurement and premature death, etc.), secondary effects (e.g. acute deterioration of health due to significant impairment of normal daily functions, etc.), and directly related

psychological effects (e.g. severe mental and emotional distress: depression, anxiety, frustration, chronic fatigue, isolation, sleeping disorder, and withdrawal, etc.). For example, see the following:

A.  Rush's Hepatitis C is known to cause a likely and significant risk of end organ failure, liver cancer, and premature death via liver, kidney, etc. damage, and it significantly raises the risk of contracting diabetes;

B.  Rush's acute late-stage Lipomas –though generally benign cancer- are acute. They routinely cause tissue, muscle, and nerve damage, and also rupture blood vessels. They will likely abscess at any time. Moreover, they cause a significant impairment to Rush's normal daily functions. For example, Rush has a significant impairment of his range of motion, mobility, and strength of his left arm. Rush is left handed, and this acts to disable Rush. Rush also endures routine humiliation form the obvious disfigurement that the hideous growths create, and has needlessly suffered a damaged reputation both socially and professionally. They are extremely painful and standard over-the-counter meds are useless. Also, this condition aggravates the deterioration of Rush's health and causes a likely and significant risk to his future health; and

C.  Deteriorating Right Shoulder condition, cist, etc. also causes acute pain and a significant impairment of Rush's normal daily functions. It significantly impairs his range of motion, mobility, and strength as well as aggravates Rush's defacto disability.

8.  Rush was diagnosed by a doctor as having the chronic disease Hep. C. and as having several Lipomas that require "urgent" excision, and an MRI has uncovered the cause of Rush's right shoulder condition, which by definition establishes a known serious medical condition. However, absent the Court taking judicial notice of these facts, an expert testimony is necessary. Our sister circuit advised that complex medical diagnosis makes expert witnesses necessary. Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

9.  Also, regarding complex psychological conditions/effects, the courts have sought expert opinion. Jordan v. Gardner, 986 F.2d 1521, 1525-26 (9th Cir 1993) (en banc); Davis v. Locke, 936 F.2d 1208, 1213 (11th Cir. 1991); Davenport v.DeRobertis, 844 F.2d 1310, 1315 (7th Cir. 1988), cert. denied, 488 U.S. 908 (1989); and Fisher v. Koehler, 692 F. Supp. 1519, 1543-46 (S.D. NY 1988), aff'd 902 F.2d 2 (2nd Cir. 1990). Rush claimed severe mental and emotional distress, which included depression, humiliation, sleeping disorder, anxiety and frustration, and a damaged social and professional reputation. These matters are complex and require specialized knowledge to assist the trier of fact in making an informed decision.

10.  Lastly, concerning defendant CMS (i.e. professional contracted health care provider), is a state official for the purpose of this action, and as such, is likely to present its own expert witness testimony. The courts have stated that when defendants utilize expert to prove their case, the denial to a plaintiff is manifest injustice. See Parham v. Johnson, 126 F.3d 454, 460 (3rd Cir. 1997). Also, F.R.E. rule 706 provides for the appointment of an independent expert for the purpose of offering unbiased expert testimony. This would be especially pertinent to the case at bar. Indeed, examination and cross examination of medical experts is beyond the scope of a pro se prisoner. (Helling v. McKinney, supra, at _____).

WHEREFORE, Rush prays –for the reason above- that the Court grant Rush's reasonable request for the appointment of a medical expert. Signed under penalty of perjury.

David Rush

David Rush, SBI # 173418, 1181 Paddock Rd., Smyrna, DE

8-17-07

Date

## CERTIFICATE OF SERVICE

I, Plaintiff, Rush, have caused to be delivered on the below defendants the following documents by placing same in the U.S. Mail receptacle at DCC prison on the ___12 th___ day of ___October___, 200 7 .

1. Filings: PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS .

2. Filings: N/A

_____ .

3. Filings: N/A

_____ .

**Defendants/Counsel:**

_____          _____

James E. Drnec, Esq.                   _____
(Counsel for CMS, et al)
711 King St.                           _____
Wilmington, DE 19801
                                       _____

_____          _____

_____          _____

Balick & Balick LLC                    _____

(counsel for State)                    _____

711 King STreet                        _____

Wilmington, DE 19801                   _____

David Rush 9/26/07
David Rush, SBI # 173418, DCC W-1, D-16, 1181 Paddock Rd., Smyrna, DE 19977