**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID W. RUSH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-514 SLR |
| | : | |
| CORRECTIONAL MEDICAL | : | |
| SYSTEMS, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CORRECTIONS MEDICAL SERVICES, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS**

Defendant, Correctional Medical Services, Inc. ("CMS") by and through its undersigned

counsel, hereby opposes Plaintiff's Motion for Appointment of Counsel. Citing Federal Rules of

Evidence 702 and 706(a) as well as 26 U.S.C. § 1915, Plaintiff seeks appointment of an expert

witness to support his Eighth Amendment claims of deliberate indifference to serious medical

needs.  (D.I. 26).  Plaintiff's Motion should be denied.  None of the authority cited provides for

the relief Plaintiff seeks here, and the Third Circuit has found no basis for the relief sought.

*Argument*

Plaintiff incorrectly cites *Helling v. McKinney*, 509 U.S. 25 (1993) as authority applicable

to the instant motion "suggesting the appointment of expert witness on the health risks of

environmental tobacco smoke".  (D.I. 26 at ¶6).  *Helling* stands for no such proposition and

suggests no such thing.  *Helling* held only that a prisoner had stated a cause of action under the

Eighth Amendment by alleging deliberate indifference to injury that had yet to occur, i.e.,

exposure to levels of second hand smoke that posed an unreasonable risk of serious damage to

the prisoner's future health.  *Id.* at 35.  The only mention in *Helling* of the issue of appointment

of expert medical witnesses for an indigent pro se plaintiff in a civil case for violation of the

Eighth Amendment based on deliberate indifference to serious medical needs is the Court's *dicta*

discussion of procedural history:

> The Court of Appeals . . . noted that two of the issues on appeal
> addressed whether the magistrate erred in holding as a matter of
> law that compelled exposure to ETS does not violate a prisoner's
> rights and *whether it was error to refuse to appoint an expert*
> *witness to testify about the health effects of such exposure*.

*Helling*, 509 U.S. at 31 (emphasis supplied).

Helling did not further address, through comment or otherwise, the question of whether

appointment of expert medical witnesses was appropriate in the instant circumstance, and so that

case offers no assistance here.

Contrary to the Plaintiff's assertion (D.I. 26 at ¶ 6), the Third Circuit has addressed the

question of whether court appointment of medical experts is appropriate here.  *See Boring v.*

*Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987).  In *Boring*, the court primarily addressed the question

whether the constitutional protection afforded a sentenced prisoner under the Eighth Amendment

applied at the same level to pre-trial detainees, but it also addressed the petitioners' motions for

appointment of expert witnesses to testify on their behalf regarding medical issues:

> Although plaintiffs complained that the district court wrongfully
> refused to pay for an expert medical witness, they fail to point to
> any legislative provision for such funds. Congress has authorized
> the courts to waive prepayment of such items as filing fees and
> transcripts if a party qualifies to proceed in forma pauperis. 28
> U.S.C. § 1915. However, we have been directed to no statutory
> authority nor to any appropriation to which the courts may look for
> payment of expert witness fees in civil suits for damages.
> Provisions have been made for expert witness fees in criminal
> cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits. See
> *United States v. Rogalsky*, 575 F.2d 457 (3d Cir.1978). A
> prevailing party in a civil rights case is not entitled to tax such fees
> as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437,
> 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). In these circumstances we
> cannot fault the district court for not exercising a power it did not
> possess.

*Boring*, 833 F.2d at 474.

The *Boring* court further declined to find appointment of expert witnesses appropriate where to do so would amount to providing prisoners with advantages not enjoyed by non-incarcerated citizens:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id.*[1]

Plaintiff also cites *Parham v. Johnson*, 126 F.3d 454 (3d Cir.1997) as support for the proposition that "The courts have stated that when defendants utilize expert to prove their case, the denial to a plaintiff is manifest injustice". (D.I. 26 at ¶10).  No such ruling issues from *Parham*, although there the Third Circuit questioned the basis on which the court below found against plaintiff.   In fact, addressing the expert witness issue on remand, the court below followed *Boring*:

> In this regard, it should be noted that this court had no more authority to appoint an expert witness at government expense for this indigent *pro se* plaintiff proceeding under 28 U.S.C. § 1915(d) than, as indicated in footnote 2, *supra,* it had to require counsel to represent him.

*Parham v. Johnson*, 7 F.Supp.2d 595, fn. 5 (W.D.Pa. 1998.).

---

[1] Although Chief Judge Gibbons wrote an impassioned dissent in *Boring*, no court has subsequently taken up his banner.  In addition, his dissent is premised on the argument that proof of Eighth Amendment violations requires expert medical testimony, which is not the current state of the law in this Circuit.  *See McCabe v. Prison Health Services,* 117 F.Supp.2d 443, 452 (E.D.Pa.1997) (citing *Boring* and noting that although expert testimony may be required in certain cases, "there is no general requirement in the Third Circuit that a plaintiff present expert testimony in Eighth Amendment deliberate indifference cases").

Plaintiff has failed to show entitlement to court appointment of a publicly-paid-for medical expert to testify on his behalf, and so his motion should be denied.

WHEREFORE, for the foregoing reasons, defendant respectfully requests that Plaintiff's Motion for Appointment of Medical Expert be denied.

BALICK & BALICK, LLC


      /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc.,

Date: October 23, 2007

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 23rd day of October 2007, the foregoing Defendant Correctional Medical Services, Inc.'s Opposition to Plaintiff's Motion for Appointment of an Expert Witness was filed via CM/ECF and served First Class Mail upon the following:

David R. Rush
SBI # 173418
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)