IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID W. RUSH,                          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :     C.A. No. 07-514 SLR
                                        :
CORRECTIONAL MEDICAL                    :
SYSTEMS, et al.,                        :
                                        :
        Defendants.                     :

### DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Defendant Correctional Medical Services, Inc. ("CMS") by and through its undersigned counsel of record, hereby responds to Plaintiff's Motion for Relief from Judgment, and states as follows:

1.      On September 12, 2007, Plaintiff filed his Motion for Temporary Restraining Order/Preliminary Injunction ("Motion for TRO/PI"). (D.I. 7)  CMS and the Department of Justice of Delaware timely filed their respective Responses. (D.I. 19, 17).  On September 28, 2007, Plaintiff filed his Motion for Extension of Time to File Response/Reply.  (D.I. 24).  On October 16, 2007, the Court entered its Memorandum Order denying the Motion for TRO/PI, thus mooting the Motion for Extension of Time to File Response/Reply. (D.I. 25).  On October 19, 2007, Plaintiff filed his Reply to Defendant's Opposition to Plaintiff's Motion for TRO/PI. (D.I. 27).  Plaintiff now moves for relief from the Court's Memorandum Order. (D.I. 32)  This Motion should be denied.

2.      Plaintiff moves pursuant to Federal Rule of Civil Procedure Rule 60(b) "and any applicable Delaware Local Rule", arguing that the Court erred through "misapprehensions of fact" and "misapplications of the controlling legal standard".  (D.I. 32 at 2)

3.      Fed.R.Civ.P. 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) any other reason
> justifying relief from the operation of the judgment. . . .

*Id.*

4.      Plaintiff has not specified which subsection of Rule 60(b) supports the relief requested,

and so it appears that his Motion is for reconsideration of the Court's decision.  This Court has

ruled that:

> Motions for reconsideration are the 'functional equivalent' of
> motions to alter or amend judgment under Federal Rule of Civil
> Procedure 59(e). (citing *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d
> 1350, 1352 (3d Cir.1990)). The standard for obtaining relief under
> Rule 59(e) is difficult for a movant to meet, and motions for
> reconsideration or reargument "shall be sparingly granted," D. Del.
> LR 7.1.5 (effective June 30, 2007). The purpose of such motions is
> to 'correct manifest errors of law or fact or to present newly
> discovered evidence.' *Max's Seafood Café ex rel. Lou Ann, Inc. v.
> Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Accordingly, a court
> may only alter or amend its judgment if the movant demonstrates
> at least one of the following: (1) a change in the controlling law;
> (2) the availability of new evidence; or (3) a need to correct a clear
> error of law or fact or to prevent manifest injustice. *See id.*

*Samuel v. Carroll*, --- F.Supp.2d ----, 2007 WL 2422815 at *2 (D.Del.) (Exhibit

"A")

5.      Plaintiff's Motion does not urge reconsideration based on any change in the controlling

law or the availability of new evidence. Although Plaintiff's Motion refers to a reply in support

of his Motion for TRO/PI, and an addendum to that reply, and quotes extensively from those documents and his medical records, those documents offer nothing new.  A motion for reconsideration should not be used to reargue the same facts,  nor should it be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," *Samuel*, 2007 WL 2422815 at * 2 (quoting *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990)).  Accordingly, to prevail on his instant Motion, Plaintiff must show there is a need to correct a clear error of law or fact or to prevent manifest injustice. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  *Williamson v. Correctional Medical Services, et al.*, C.A. No. 06-379 SLR (D.Del. October 19, 2007) (Exhibit "B") (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 E.D. Pa. 1993)).

6.    Plaintiff here incorrectly argues the Court misapprehended relevant facts and misapplied the relevant legal standard.  The Court's Memorandum Opinion takes into account the allegations of the Plaintiff's Motion for TRO/PI, and CMS's response, and contains no misstatement of fact or law. (D.I. 25)  Plaintiff's Motion for Relief from Judgment should be denied.

BALICK & BALICK, LLC


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc.,

Date: October 31, 2007

# Exhibit A

United States District Court,
D. Delaware.
Harry L. SAMUEL, Plaintiff,
v.
Thomas CARROLL, Lt. Porter, Counselor Kramer, The IBCC, Robert Young,
Correctional Medical Service, and First Correctional Medical, Defendants.
Civ. No. 05-037-SLR.
Aug. 28, 2007.

**Background:** State inmate filed § 1983 action alleging that prison officials violated his constitutional rights. Officials moved to dismiss. The District Court, 463 F.Supp.2d 488, granted motions. Inmate filed motion for partial reconsideration. Prison's contract medical provider filed motion for summary judgment, and second provider filed motion for entry of judgment. Inmate filed motion to compel discovery against State defendants.

**Holdings:** The District Court, Sue L. Robinson, J., held that:
(1) motion for reconsideration was not a method to relitigate court's previous determination that inmate's claim that he was forced to wear handcuffs during a dental appointment was insufficient to state a claim;
(2) genuine issue of material fact as to whether contract medical provider had a policy or custom, in the form of a standard eight to nine month delay for tooth repair, that amounted to deliberate indifference to inmate's serious medical needs precluded summary judgment in favor of provider;
(3) inmate exhausted the administrative remedies available to him before filing § 1983 action;
(4) second contract medical provider failed to establish that entry of partial final judgment was warranted; and
(5) inmate's discovery requests, which sought names, title and duties of all person that had personal involvement in dealing with inmate's dental treatment, were relevant and appropriately limited to the remaining issues.

Motion for reconsideration denied; motion for summary judgment denied; motion for entry of final judgment denied; motions to compel discovery granted in part and denied in part.

[1] KeyCite Notes

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(I) Motions in General
         170Ak928 k. Determination. Most Cited Cases

Motions for reconsideration are the functional equivalent of motions to alter or amend judgment. Fed.Rules Civ.Proc.Rule 59(e), 28 U.S.C.A.

[2] KeyCite Notes

   170A Federal Civil Procedure
    170AXVII Judgment
     170AXVII(G) Relief from Judgment
      170Ak2651 Grounds
       170Ak2651.1 k. In General. Most Cited Cases

The purpose of motions to alter or amend a judgment is to correct manifest errors of law or fact or to present newly discovered evidence; accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice.

[3] KeyCite Notes

   170A Federal Civil Procedure
    170AVII Pleadings and Motions
     170AVII(I) Motions in General
      170Ak928 k. Determination. Most Cited Cases

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, and may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.

[4] KeyCite Notes

   170A Federal Civil Procedure
    170AVII Pleadings and Motions
     170AVII(I) Motions in General
      170Ak928 k. Determination. Most Cited Cases

Reconsideration may be appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

[5] KeyCite Notes

   170A Federal Civil Procedure
    170AXI Dismissal
     170AXI(B) Involuntary Dismissal
      170AXI(B)5 Proceedings

170Ak1839 Vacation
170Ak1840 k. Grounds and Objections. Most Cited Cases

Motion for reconsideration of dismissal was not a method to relitigate court's previous determination that state inmate's claim that he was forced to wear handcuffs during a dental appointment, which resulted in painful injuries, was insufficient to state a claim upon which relief could be granted, as inmate identified no intervening facts, changes in controlling law, or manifest errors of law or fact.

[6] KeyCite Notes 

78 Civil Rights
    78III Federal Remedies in General
        78k1334 Persons Liable in General
            78k1336 k. Vicarious or Respondeat Superior Liability in General. Most Cited Cases

The doctrine of respondeat superior is not an acceptable basis for liability under § 1983. 42 U.S.C.A. § 1983.

[7] KeyCite Notes

78 Civil Rights
    78III Federal Remedies in General
        78k1334 Persons Liable in General
            78k1339 k. Criminal Law Enforcement; Prisons. Most Cited Cases

For prison's contract medical provider to be liable under § 1983, there must be a policy or custom that resulted in the alleged deliberate indifference to inmate's serious medical need. 42 U.S.C.A. § 1983.

[8] KeyCite Notes

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1089 Prisons
            78k1091 k. Medical Care and Treatment. Most Cited Cases

A prison official may manifest deliberate indifference to inmates' serious medical needs, in violation of § 1983, by intentionally denying or delaying access to medical care. 42 U.S.C.A. § 1983.

[9] KeyCite Notes 

   78 Civil Rights
      78III Federal Remedies in General
         78k1342 Liability of Municipalities and Other Governmental Bodies
           78k1351 Governmental Ordinance, Policy, Practice, or Custom
             78k1351(1) k. In General. Most Cited Cases

For purposes of § 1983 claim, a policy is made when a decisionmaker possessing final authority to establish policy with respect to the action issues an official proclamation, policy or edict; custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. 42 U.S.C.A. § 1983.

[10] KeyCite Notes

   170A Federal Civil Procedure
      170AXVII Judgment
         170AXVII(C) Summary Judgment
           170AXVII(C)2 Particular Cases
             170Ak2491.5 k. Civil Rights Cases in General. Most Cited Cases

Genuine issue of material fact as to whether prison's contract medical provider had a policy or custom, in the form of a standard eight to nine month delay for tooth repairs, that amounted to deliberate indifference to inmate's serious medical needs precluded summary judgment in favor of provider on inmate's § 1983 claim that he was forced to wait almost one year for a dental appointment to fill his decayed tooth. 42 U.S.C.A. § 1983.

[11] KeyCite Notes

   78 Civil Rights
      78III Federal Remedies in General
         78k1314 Adequacy, Availability, and Exhaustion of State or Local Remedies
           78k1319 k. Criminal Law Enforcement; Prisons. Most Cited Cases

State inmate exhausted the administrative remedies available to him before filing § 1983 claim that he was forced to wait almost one year for a dental appointment to fill his decayed tooth, when he filed a grievance, satisfying the requirements of the Prison Litigation Reform Act (PLRA). 42 U.S.C.A. § 1983; Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a).

[12] KeyCite Notes

   198H Health
      198HV Malpractice, Negligence, or Breach of Duty
        198HV(G) Actions and Proceedings
          198Hk804 k. Affidavits of Merit or Meritorious Defense; Expert Affidavits. Most Cited Cases

State inmate's claim against prison's contract medical provider, which was filed pursuant to § 1983, based on clinic's alleged violation of inmate's Eighth Amendment rights, was not subject to Delaware statute requiring submission of an affidavit of merit to maintain a healthcare negligence lawsuit. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983; 18 Del.C. § 6853(a)(1).

[13] KeyCite Notes

   170B Federal Courts
      170BVIII Courts of Appeals
        170BVIII(E) Proceedings for Transfer of Case
          170Bk660 Certification and Leave to Appeal
            170Bk660.5 k. Particular Actions and Rulings. Most Cited Cases

Prison's contract medical provider failed to establish that entry of partial final judgment was warranted in inmate's § 1983 action. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 54(b), 28 U.S.C.A.

[14] KeyCite Notes

   170A Federal Civil Procedure
      170AX Depositions and Discovery
        170AX(A) In General
          170Ak1272 Scope
            170Ak1275 k. Identity and Location of Witnesses and Others. Most Cited Cases

State inmate's discovery requests, which sought names, title, and duties of all persons that had personal involvement in dealing with inmate's dental treatment, were relevant and appropriately limited to the remaining issues in § 1983 action, which alleged that inmate was forced to wait almost one year for a dental appointment to fill his decayed tooth. 42 U.S.C.A. § 1983.

Harry L. Samuel, Delaware Correctional Center, Smyrna, DE. Pro se Plaintiff.

Ophelia Michelle Waters, Esquire, Deputy Attorney General, Delaware Department of

Justice, Wilmington, DE, for Defendants Carroll, Porter, Kramer, IBCC, and Young.

Kevin J. Connors, Esquire, Marshall, Dennehey, Wagner, Coleman & Goggin, Wilmington, DE, for Defendant Correctional Medical Service.

Daniel L. McKenty, Esquire, Heckler & Frabizzio, Wilmington, DE, for Defendant First Correctional Medical.

MEMORANDUM OPINION

SUE L. ROBINSON , District Judge.
I. INTRODUCTION

*1 On January 10, 2005, Harry L. Samuel, a pro se plaintiff proceeding in forma pauperis ("plaintiff"),FN1 filed the present action against: DCC Warden Thomas Carroll, Lieutenant Porter ("Porter"), Counselor Kramer ("Kramer"), and Correctional Officer Robert Young ("Young") (collectively, the "State defendants"); the Institutional Based Classification Committee ("IBCC"); Correctional Medical Services, Inc. ("CMS"); and First Correctional Medical ("FCM"). (D.I.2) Plaintiff amended his complaint on October 31, 2005.FN2 (D.I.34) Plaintiff contends that defendants breached his constitutional rights in violation of 42 U.S.C. § 1983 FN3 by: (1) failing to classify him correctly, despite his improved conduct and rehabilitation (the "classification claim"); (2) failing to provide him with a toilet brush and pillow (the "conditions claim"); (3) forcing him to wait almost one year for a dental appointment to fill his decayed tooth (the "dental claim"); and (4) forcing him to wear handcuffs during a dental appointment which has resulted in painful injuries (the "handcuff claim"). (D.I. 2 at 3)

On September 26, 2005, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the court dismissed as frivolous plaintiffs classification and conditions claims. (D.I.23) Plaintiff moved for reconsideration of this dismissal (D.I.24, 26); on November 16, 2005, the court granted said motion only as to the conditions claim (D.I.36). In March 2006, the State defendants filed a motion to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(6). (D.I.53) CMS filed its own motion to dismiss on March 22, 2006. FN4 (D.I.60) In the meantime, plaintiff filed a motion for default judgment as to all of the defendants (D.I.56), which the court denied as moot on November 15, 2006 (D.I.97).FN5 Finally, on December 4, 2006, the court issued a memorandum opinion and order granting the State defendants' and CMS's motions to dismiss, leaving FCM as the sole remaining defendant in the case at bar. (D.I.100)

Presently before the court are: (1) plaintiff's motion for partial reconsideration of the court's December 4, 2006 order dismissing from the case the State defendants and CMS (D.I.103); (2) FCM's motion for summary judgment (D.I.115); (3) CMS's motion for entry of final judgment (D.I.121); and (4) plaintiff's three motions to compel (D.I.102, 106, 116). The court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

In the late summer of 2004, plaintiff began experiencing pain and discomfort with one of his teeth. He believed that his tooth filling had fallen out, so he put in a sick call slip at the prison on September 3, 2004, requesting dental treatment. (D.I. 117 at D00016) When one month passed and plaintiff still had not seen a dentist, he filled out another sick call slip on October 2, 2004. ( Id. at D00015) Although plaintiff was seen by an FCM dental assistant, FN6 he alleges that "[he] did not receive any treatment" and was told there would be an "8-9 month delay to have [his] decayed tooth filled." (D.I. 72 at 1) Dissatisfied by the continued delay in receiving treatment for his tooth, plaintiff submitted a grievance form on October 7, 2004. (D.I. 19, ex. A-19 at 1)

*2 Plaintiff alleges that, on November 2, 2004, he underwent a "medical grievance dental examination" conducted by T.K. Kionke ("Kionke").FN7 (D.I. 28, ex. 26; D.I. 72 at 2) Plaintiff had submitted an "Informal Resolution" form containing a handwritten note from Kionke, dated November 2, 2004, stating that plaintiff "[did not] want to sign off [on an informal resolution] until he [got] the treatment," even though Kionke "[w]arned him [that] fillings take [approximately] 8-9 months." (D.I. 2, ex. A-19 at 2) A hearing for plaintiffs grievance was held on February 2, 2005; FN8 three days later, the Medical Grievance Committee ("MGC") recommended unanimously that plaintiff's grievance be denied, as he had been "seen by the dentist and [was] on the waiting list for a filling." (D.I. 117, ex. 22 at 7) Plaintiff appealed the MGC's decision, stating that "it now has been five and a half months and still no treatment. Every time I eat I think my tooth is going to break without being properly filled. The reason for this appeal is the dentist ['s] lack of diligence [in] the treatment of my tooth." (D.I.19, ex. A-20) On March 17, 2005, the Bureau Grievance Officer ("BGO") issued a decision upholding plaintiff's appeal and "recommend[ed] that FCM resolve the dental services availability problem." The BGO also noted that "an 8 to 9 month wait for tooth repair is unacceptable." (D.I. 117, ex. 22 at 5) The Bureau Chief "concur[red] with the recommendation of the BGO" ( id., ex. 22 at 6) and, on June 20, 2005, sent plaintiff a letter stating that, "[b]ased upon the documentation presented for our review, we uphold your appeal request. Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure ..." ( Id., ex.21) FN9

On July 1, 2005, defendant CMS became the contract medical provider for DCC. (D.I. 34 at 1) Plaintiff's tooth was finally filled on September 7, 2005. According to plaintiff, "[t]he Dentist said plaque developed around the tooth, and [ate] some of the bone away that hold[s] the tooth." (D.I. 22 at 1) Plaintiff further alleges that, due to the year-long delay in treating his tooth (ten months of which was attributable to FCM), "[gingivitis] developed around the tooth and [ate] some of the tooth structure away, and another tooth needed to be filled." Plaintiff claims that "[this] serious medical condition significantly affected [his] ability to eat and talk." (D.I. 72 at 3)

## III. STANDARD OF REVIEW

### A. Motion for Reconsideration

[1] [2] [3] [4]  Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir.1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986)). The standard for obtaining relief under Rule 59(e) is difficult for a movant to meet, and motions for reconsideration or reargument "shall be sparingly granted," D. Del. LR 7.1.5 (effective June 30, 2007). The purpose of such motions is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). Accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, see Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993), and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990). Reconsideration, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F.Supp. at 1241 (citations omitted).

B. Summary Judgment

*3 A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving

party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

IV. DISCUSSION

A. Motion for Reconsideration

[5] Plaintiff's motion for reconsideration requests reinstatement of the handcuff claim, which the court previously held was insufficient to state a claim upon which relief could be granted.FN10 (D.I. 100 at 10) The court determined that the act of restraining a prisoner with shackles and handcuffs during dental treatment is a routine security measure in a prison setting. FN11 ( Id.) Nothing in the record indicated to the court that Young was acting with a culpable state of mind by not removing plaintiff's handcuffs when asked, and the court found that Young was under no duty to do so, since he "was simply following appropriate prison protocol." ( Id.)

In connection with his motion for reconsideration, plaintiff asserts that the "policy of handcuffing plaintiff during dental treatment/examination was done in a way that cause[d] the plaintiff undue physical discomfort." (D.I. 103 at 1) Plaintiff further alleges (presumably, in response to the court's prior statement that "[p]laintiff admitted in his complaint that he has to be handcuffed everywhere he goes" (D.I. 100 at 10)), that he actually was allowed to walk around without handcuffs on a regular basis, and that "it was only during dental treatment/examination that the plaintiff was handcuffed." ( Id.) "Plaintiff argue[s] that this policy of handcuffing [him] during dental treatment/ examination was done in a way that cause[d] the plaintiff undue physical discomfort, inflicted physical pain and restricted plaintiff['s] blood circulation." ( Id. (emphasis in original))

*4 A motion for reconsideration is not a method to relitigate issues that have already been decided. This, however, is what plaintiff is currently trying to accomplish. As plaintiff has identified no intervening facts, changes in controlling law, or manifest errors of law or fact, the court will deny his motion for reconsideration.FN12 (D.I.103)

B. FCM's Motion for Summary Judgment

1. Respondeat superior liability

[6] [7] [8] [9] FCM contends that it is entitled to summary judgment because plaintiff has failed to identify or serve any individual who is responsible for the allegedly unconstitutional lack of medical care described in his complaint. (D.I. 115 at ¶ 10) "It is an established principle that the doctrine of respondeat superior is not an acceptable basis for liability under 42 U.S.C. § 1983." Moody v. Kearney, 380 F.Supp.2d 393, 398 (D.Del.2005) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988):

Swan v. Daniels, 923 F.Supp. 626, 633 (D.Del.1995) (applying this principle to liability of private corporations that provide medical services for the State)). "In order for [FCM] to be liable, [therefore,] there must be a 'policy' or 'custom' that resulted in the alleged deliberate indifference to plaintiffs serious medical need." FN13 Id. (citing Monell, 436 U.S. at 694, 98 S.Ct. 2018). " 'Policy is made when a decisionmaker possess[ing] final authority to establish ... policy with respect to the action issues an official proclamation, policy or edict.' " Miller v. Corr. Med. Sys., Inc., 802 F.Supp. 1126, 1132 (D.Del.1992) (alteration in original) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id. (citing Andrews, 895 F.2d at 1480; Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir.1989)).

Plaintiff's complaint alleges that, when he sought dental treatment from FCM, "[t]he dental assistant told [him] it would take 9 months to get [a] filling in [his] tooth." (D.I. 2, "Contin[ue]: Page 5"; see also id., "Statement of Claims" at ¶ 5) In addition, plaintiff has submitted a handwritten note from T.K. Kionke, dated November 2, 2004, stating that she had "warned [plaintiff] fillings take [approximately] 8-9 months." ( Id., ex. A-19 at 2) On June 13, 2005, plaintiff submitted a letter explaining that he had filed another sick call slip because "[he] was told it [would] take 8-9 months to fill [his] tooth" and it had "been over 9 months and [he had] not had [his] tooth filled yet." (D.I.18) Although plaintiff grieved this long delay in dental treatment, the grievance was denied because he "[had been] seen by the dentist and [was] on the waiting list for a filling"; however, in upholding plaintiff's grievance on appeal, the BGO "recommend[ed] that FCM resolve the dental services availability problem; inordinate delays lead to more serious and expanding medical related issues, as well as higher costs. An 8 to 9 month wait for tooth repair is unreasonable." (D.I. 19, ex. 21 at 5, 7)

*5 [10] ⬛ Viewing the underlying facts of the case at bar and all reasonable inferences therefrom in a light most favorable to plaintiff, the court finds that he has proffered evidence sufficient to show the existence of a genuine issue of material fact as to whether FCM had a "policy" or "custom" (in the form of a standard eight to nine month delay for tooth repair) that amounted to deliberate indifference to plaintiffs serious medical needs.

2. Exhaustion of administrative remedies

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, "[n]o action shall be brought with respect to prison conditions under [§ ] 1983 ... by a prisoner confined in any ... correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). FCM contends that "[p]laintiff failed to exhaust all administrative remedies prior to filing this legal action" and, as such, "[i]n the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed." (D.I. 115 at ¶ 12, citing Hyson v. Corr. Med. Serv., Civ. A. No. 02-318-SLR, 2003 WL 292085, at *3 (D.Del. Feb. 6, 2003))

[11] Attached to plaintiff's initial complaint is a DCC "Grievance Report" indicating that, on October 7, 2004, plaintiff filed a grievance because he had gone several months without receiving dental treatment and wanted "to have [his] to[o]th fill[ed] in by the dentist soon[,] before [he lost his] tooth." (D.I. 2, ex. A-19 at 1) On July 7, 2005, plaintiff filed a letter stating that, because he had not received the "dental treatment that [he had] requested [,] thereafter [he] submitted a grievance. Next [his] grievance was heard ..., and unresolved." (D.I. 19 at ¶ 1: see also id., ex. A-19) Although plaintiff's grievance was initially denied, it was eventually upheld on appeal, thereby ending administrative review of plaintiff's dental claim. ( Id. at ¶¶ 2-3; see also id., exs. 22, A-20, and "Department of Correction" letter). Plaintiff, therefore, clearly exhausted the administrative remedies available to him before filing the dental claim, satisfying the requirements of the PLRA.

3. Certificate of merit

[12] Pursuant to 18 Del. C. § 6853, healthcare negligence lawsuits filed under the laws of the State of Delaware must be accompanied by an affidavit of merit, signed by an expert witness, "stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." Id. § 6853(a)(1). FCM avers that, because "[his] complaint was not accompanied by either an affidavit of merit or a motion to extend time for filing such an affidavit ....[,] plaintiff's state law claims must be dismissed as a matter of law" (D.I. 115 at ¶ 11, citing Jackson v. First Corr. Med. Servs., 380 F.Supp.2d 387, 392 (D.Del.2005)); however, as the case at bar does not involve a state law medical negligence claim, plaintiff's failure to file a certificate of merit is inconsequential. Plaintiff's claim against FCM, which was filed pursuant to federal law, is based on FCM's alleged violation of his Eighth Amendment rights. (D.I.2, 34) Because claimants filing suit under § 1983 are not required to submit an affidavit of merit, FCM's motion for summary judgement on that ground will be denied.

C. CMS's Motion for Entry of Judgment

*6 [13] CMS has moved for the entry of partial final judgment under Fed.R.Civ.P. 54(b). (D.I.121) Rule 54(b) states, in pertinent part:

When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Although the decision whether to certify as a final judgment rests in the discretion of the trial court, see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), the Supreme Court in Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), suggested two relevant factors a trial court should consider in deciding whether there is just reason for

delay: (1) judicial administrative interests; and (2) the equities of the parties involved, see id. at 8, 100 S.Ct. 1460. Consideration of judicial administration counsels against piecemeal review that would force appellate courts to decide the same issues on subsequent appeal. See id.

According to CMS, "there is no just reason to delay the entry of a final judgment" in its favor, as "[CMS] was dismissed because liability did not lie with [it]." In addition, CMS avers that "[e]ntry of a final judgment ... [in its favor] would not hinder the progression of plaintiff's still active case." (D.I. 121 at ¶ 5) Upon consideration of the relevant factors and the record presented, however, the court is not persuaded that "there is no just reason for delay." Fed.R.Civ.P. 54(b). CMS's motion, therefore, is denied.

D. Plaintiff's Motions to CompelFN14

On November 8, 2006, plaintiff filed a motion to compel discovery from FCM. (D.I.95) On November 15, 2006, the court granted in part plaintiff's motion, requiring FCM to respond to discovery request numbers 2, 4, and 5 FN15 by December 15, 2006. (D.I.97) FCM filed responses and documents before the expiration of the December 15th deadline (D.I.114, 115); despite this, on December 21, 2006 and March 8, 2007, plaintiff filed two more motions to compel (D.I.106, 116).FN16

[14]    Plaintiff's first motion alleges "that the medical records submitted by FCM do not relate to the time fram[e] or the claim in dispute ( [September] 2004 to [September] 2005 regarding plaintiff['s] tooth problems) in regard to discovery request number 5." (D.I. 106 at 2) While FCM submitted copies of plaintiff's sick call slips from September 3 and October 2, 2004, both of which contain a notation that plaintiff was seen by dental personnel on October 7, 2004, plaintiff avers that FCM has identified neither the person who wrote those notes FN17 nor the dental personnel who examined and/or treated plaintiff during the time period in question. (D.I. 106 at 2) Plaintiff's motion, therefore, "request[s] that the ... court order FCM to produce plaintiff['s] discovery request number[s] 5 and 4," as well as entering "judgment in plaintiff['s] favor p[u]rsuant to Fed. R[.] Civ[.] P[.] Rule 37 and grant[ing] plaintiff['s] complaint." ( Id.)

*7 On November 22, 2006, plaintiff filed an "Additional Discovery Request" directed at FCM. (D.I.99) On March 8, 2007, having failed to receive from FCM a satisfactory response to discovery request number 21,FN18 plaintiff filed a second motion to compel. (D.I.116) Plaintiff's motion seeks information related to: (1) "the dates with all names, title and dut[ies] of all FCM staff/person that had personal involvement in responding to, examined, treated, [or] filled plaintiff['s] tooth in regard to the matter and time fram [e] in dispute"; (2) "the name(s), title and dut[ies] of FCM staff[ ] and [the] person who is individually responsible for ... delaying plaintiff['s] dental treatment/filling for 8 to 9 months in regard to the matter and time fram[e] in dispute[,] September 3, 2004 to June 30, 2005"; and (3) "the reason why FCM delayed filling plaintiff['s] tooth for ... 8 to 9 month[s]." ( Id.)

The court finds plaintiff's discovery requests to be relevant and appropriately limited to the remaining issues in the litigation. Therefore, plaintiff's motions to compel (D.I.106, 116) are granted.

V. CONCLUSION

For the reasons state above, plaintiff's motion for reconsideration and FCM's motion for summary judgment will be denied. CMS's motion for entry of judgment is denied. Plaintiff's motion to compel against the State defendants is denied as moot, and plaintiff's remaining two motions to compel discovery from FCM are granted. An appropriate order shall issue.

ORDER

At Wilmington this 28th day of August, 2007, consistent with the memorandum opinion issued this same date; IT IS ORDERED that:

1. Plaintiff's motion for reconsideration (D.I.103) is denied.

2. FCM's motion for summary judgment (D.I.115) is denied.

3. CMS's motion for entry of final judgment (D.I.121) is denied.

4. Plaintiff's motion to compel discovery from State defendants Carroll, Porter, Kramer, and Young (D.I.102) is denied as moot.

5. Plaintiff's motions to compel discovery from FCM (D.I.106, 116) are granted. FCM shall respond to said discovery requests on or before September 24, 2007.
FN1. Plaintiff is, and has been at all times relevant hereto, incarcerated at Delaware Correctional Center ("DCC") in Smyrna, Delaware. (D.I. 2 at 2)
FN2. This document, which measures only a page in length, supplements the information contained in the original complaint, rather than replacing it entirely. ( See D.I. 34)
FN3. The statute provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects, or causes to be subjected, any citizens of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.
FN4. The IBCC and FCM, meanwhile, filed answers to the amended complaint and proceeded with discovery. (D.I.67, 74)
FN5. The court also dismissed defendant IBCC from the case, since "the only claim asserted against [it], the classification claim, [had] been dismissed." (D.I. 97 at 1 n. 2)
FN6. At that time, FCM was the contract medical provider for DCC.

FN7. Plaintiff avers that, during this examination, he was required to "sit on [his] hands and handcuff[ed] in the dentist chair," causing the alleged arm, shoulder, and wrist injuries that form the basis for his handcuff claim. (D.I. 2, "Contin[ue]: Page 4") According to plaintiff, he waited approximately ten months "to see if the pain and injuries ... would go away" but, in September 2005, he put in a medical sick call to see a doctor regarding his alleged injuries from being handcuffed. Plaintiff was seen by a nurse on October 5, 2005. (D.I. 28 at 1) Plaintiff claims to have told the nurse that "it [felt] like something [was] broke[n] in [his] shoulder." ( Id.) The nurse instructed him to stop exercising and gave him a box of pain relievers and a container of muscle cream. ( Id.) Plaintiff alleges that the nurse also stated that he might have pinched a nerve. ( Id. at 2)

FN8. Plaintiff alleges that, at the grievance hearing, he was again informed that it would take between eight and nine months to have his tooth filled. (D.I. 19, ex. A-20; D.I. 72 at 2)

FN9. In the meantime, plaintiff had filed another sick call slip on June 9, 2005, stating: "My tooth filling came out 9 months ago and my teeth need to be filled.... This is my 6th attempt to get treatment and [it has been] over 9 months and no treatment yet." (D.I. 117, ex. 27)

FN10. While the exact legal grounds upon which plaintiff's handcuff claim was based were not entirely clear, the court interpreted it to be a claim of excessive force and cruel and unusual punishment under the Eighth Amendment. (D.I. 100 at 8 n. 7)

FN11. Specifically, the court "[took] judicial notice ... as to the close proximity of the medical care provider and his or her dental instruments to the inmate during dental examinations and treatments, certainly a situation calling for security measures to be imposed." (D.I. 100 at 10 n. 8)

FN12. Again, plaintiff has attempted to resurrect his classification claim, arguing that it was not until he was moved to a high security unit, "for no reason," that he was required to be handcuffed at all times. (D.I. 103 at 2) Plaintiff has also submitted evidence purporting to show that he exhibited "good behavior" while classified at a lower level of security, meaning that there was no legitimate reason to increase his classification level or require him to be handcuffed during dental treatment. ( Id.; id., exs. 1-2) As the court has already determined, however, prison inmates do not have a constitutionally protected right to a certain classification status, and the policy of handcuffing prison inmates during dental treatment, a time at which the inmates are in close proximity to dental instruments that could be used as weapons, is a routine security measure. (D.I. 23 at 4-5; D.I. 100 at 10 n. 8)

FN13. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

FN14. Plaintiff's first motion to compel, filed December 1, 2006, was directed at the State defendants. (D.I.102) As the claims against those defendants have already been dismissed in their entirety, this motion is denied as moot.

FN15. These particular paragraphs requested information related to FCM's "policies, directors, custom/procedure or instructions to staff" concerning filling plaintiff's or other DCC inmates' teeth from September 5, 2004 to September 7, 2005; the duties of FCM "insofar as they pertain to ensuring that [plaintiff's or other inmates'] tooth [was] filled in a timely manner"; and "the [d]ates with all names, titles and duty" of the FCM staff

members "[who] responded to, examined, treated, [or] filled plaintiff['s] tooth from September 5, 2004 to September 7, 200[5]." (D.I. 95, ex. 1 at ¶¶ 2, 4, 5)

FN16. FCM has not filed a response to either of these motions.

FN17. The entries appear to have been made by someone with the initials "S.W." The person's middle initial is illegible. (D.I. 104 at D00015-D00016)

FN18. This request directed FCM to [s]tate the name, title and duty of the ... [FCM] staff member and[/]or person respons[i]ble for ... FCM regulations and policy, insofar as the staff member or person oversees the regulations and policy in ensuring that filling [plaintiff's or any other inmate's] tooth is done in a timely man [ner] that do[es] not cause undue suffering and pain. Produce the document from 10-7-2004 ( [September] 2004 to [September] 2005).

(D.I. 99 at ¶ 21)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID W. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-379-SLR |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, CHRISTINE MALANEY, | ) | |
| DONNA PLANTE, MARGARET LOVE, | ) | |
| CHUKS IHUOMA, SITTA C. ALIE, | ) | |
| DR. ALAN ZIMBLE, MICHELLE | ) | |
| ROBINSON, JUANITA CLARK, and | ) | |
| DR. CARLA KIONKE, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

At Wilmington this 19th day of October, 2007, having considered the pending motions;

IT IS ORDERED that:

1. **Motion to Strike**. Plaintiff's "motion to strike CMS' letter requesting the court to condone its mpertency [sic]" is **denied**. (D.I. 130)

2. **Discovery**. Plaintiff's motions to compel and motion for leave to conduct limited discovery upon First Correctional Medical, Inc. are **denied** as premature with leave to renew following entry of the court's scheduling order. (D.I. 134, 136, 160) Plaintiff's motion for enlargement of time to respond to discovery is **granted**, there being no objection by defendants. (D.I. 197) Having made said ruling, the court notes that plaintiff recently filed a second amended complaint naming a new defendant. That defendant has not yet been served. Moreover, a scheduling order has not been

entered, and will not be entered, until all parties have been served and answered or otherwise appeared. Until that time discovery is **stayed**.

3. **Motions for Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

4. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

5. Plaintiff's motion for reargument and motion for relief from judgment which the court construes as motions for reconsideration are **denied**. (D.I. 139, 144) Plaintiff's

motion for leave to supplement motion for reargument is **denied**. (D.I. 206) On July 19, 2007, the court granted First Correctional Medical, Inc.'s ("FCMI") motion to dismiss and gave plaintiff leave to amend his complaint to name the correct First Correctional Medical ("FCM") defendant. (D.I. 121, 122) Plaintiff "believes" this was error, and further, that FCMI's motion to dismiss was improperly filed. (D.I. 139, 144) Plaintiff states that even if the court were to grant the "improperly filed motion to dismiss" he should be granted leave to amend. Id.

6. Essentially, plaintiff disagrees with the court's order which granted FCMI's motion to dismiss. The court has thoroughly reviewed the complaint and the July 19, 2007 memorandum opinion and order. (D.I. 121, 122) There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration. Finally, the court notes that plaintiff asks that for leave to amend his complaint. The July 19, 2007 order, in paragraph 5, gave plaintiff leave to file a second amended complaint.

7. Plaintiff's motion for reargument or motion for relief from judgment, which the court construes as a motion for reconsideration, is **denied**. (D.I. 141) On July 17, 2007, the court entered an order holding its decision on a motion for injunctive relief in abeyance pending receipt of plaintiff's medical and dental records. (D.I. 119) Plaintiff's motion is frivolous and, further, he has not demonstrated any of the grounds required for reconsideration.

8. Plaintiff's motion for relief from judgment and/or motion for reargument which the court construe as a motion for reconsideration is **denied**. (D.I. 178) Plaintiff's

-3-

motion for leave to supplement motion for relief from judgment is **denied**.  (D.I. 204)

On September 11, 2007, the court denied plaintiff's motion for injunctive relief and

motion to strike CMS' affidavit/supplemental response.  (See D.I. 164)  Plaintiff

"believes the court should reconsider its order" because CMS presented "impertinent

and/or scandalous matter in an attempt to resurrect argument/defenses" waived by

CMS.  (D.I. 178)

9.  Once again, plaintiff disagrees with the court's ruling.  The court has

thoroughly reviewed all documents that were submitted in support of, and in opposition

to, plaintiff's motion for summary judgment.  As with other motions for reconsideration

filed by plaintiff there is no need to correct a clear error of law or fact or to prevent

manifest injustice.  Once again, plaintiff has not demonstrated any of the grounds

necessary to warrant reconsideration.

10.  **In Forma Pauperis on Appeal**.  Plaintiff's motion for leave to proceed in

forma pauperis on appeal is **denied** as **moot**.  (D.I. 151)  The record reflects that on

August 27, 2007, plaintiff voluntarily withdrew his notice of appeal for No. 07-3490 filed

in the United States Court of Appeals for the Third Circuit.  (D.I. 158)

11.  **Entry of Default**.  Plaintiff's request for entry of default against defendant

Sitta Gombeh-Alie, M.D. ("Dr. Alie") is **denied**.  (D.I. 159)  Dr. Alie's motion for

enlargement of time to file response to motion to enter default is **granted**.  (D.I. 185)

The response is deemed filed instanter.  (See D.I. 195)  Plaintiff's motion to strike

defendant Alie's request for enlargement of time to respond to the motion for default is

**denied**.  (D.I. 198)

-4-

12. Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

13. Despite the fact that Dr. Alie does not believe she was served with process, the record reflects that she was served on July 26, 2007. (D.I. 129) Dr. Alie did, however, belatedly filed an answer to the amended complaint. Accordingly, the court exercises its discretion and will not enter default or enter a judgment by default pursuant to Rule 55(a) and (b).

14. **Appointment of Counsel**. Plaintiff's motion for appointment of counsel (D.I. 166) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)

(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

15. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

16. In his motion for appointment of counsel, plaintiff states his case has legal and factual merit, his medical condition impairs his ability to present his case, the case is complex and requires extensive discovery, the case requires a medical expert, the facts are in dispute and credibility is a key issue, he is unable to afford counsel, and counsel is needed to effect service on several defendants in the case. The pending motion is identical to one filed by plaintiff on January 12, 2007. (See D.I. 41) That motion was denied. (D.I. 120) Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time because plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel.

17. Plaintiff has filed a second amended complaint naming a new defendant who has not yet been served. (D.I. 170) Also as noted above, the court has not entered a scheduling order and discovery is far from complete. The scheduling order,

-6-

once it is entered, will contain a deadline for filing dispositive motions.  Accordingly,

further motions for appointment of counsel shall be deemed denied without prejudice to

renew should any of plaintiff's claim survive summary judgment.

     18.  **Motion to Strike**.  Plaintiff's motion to strike CMS' improper attempt to

resurrect waived defenses is **denied**.  (D.I. 172)

     19.  **Motion for Summary Judgment**.  Dr. Alan Zimble's motion for summary

judgment is **denied** as premature with leave to refile after expiration of the discovery

deadline.  (D.I. 201)

 

UNITED STATES/DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I, James Drnec, hereby certify that on the 31st day of October 2007, the foregoing

Defendant Correctional Medical Services, Inc.'s Opposition to Plaintiff's Motion for Relief from

Judgment was filed via CM/ECF and served First Class Mail upon the following:

David R. Rush
SBI # 173418
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)