IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID RUSH ,                                    )

    Plaintiff,                                )

    v.                                         )          C.A. 07-514-SLR

CORRECTIONAL MEDICAL SERVICES, Inc, et al,    )

    Defendants.

<u>RUSH SEEKS LEAVE TO SUPPLEMENT HIS MOTION FOR RELIEF FROM JUDGMENT</u>

Rush seeks leave to supplement his motion for relief from judgment relating to the denial of his request for

reasonable medical care. Rush faces imminent harm if the Court does not take emergency action and intervene

immediately. Rush offers the following additional and pertinent information/facts:

<u>Nature and Stage of TRO/PI</u>

On or about 8-22-07 Rush filed his complaint against defendant CMS, et al (<u>D.I. 2</u>), and he filed his TRO/PI on

9-12-07 <u>D. I. 7-8</u>). Therein, Rush made a request for immediate, emergency medical care for several serious

medical conditions ("TRO/PI"). On 9-12-07 this Court Ordered CMS and the Attorney for the State of Delaware

to respond to Rush's TRO/PI. CMS and DDOC responded on 9-19-07 ("CMS's Res") (<u>D.I. 18-20</u>).  Therein,

CMS opposed Rush's request for a Court Order to begin and monitor Rush's Hep C treatments. CMS stated the

matter was moot, because CMS was to begin Interferon/Ribavirin treatments on 09-29-07. However, CMS has not

–to date- begun any Interferon injections and alternatively has directed Rush to begin Ribavirin alone and in

*direct opposition to the drug manufacturer's posted Warnings*. Rush filed a Reply on or about 10/13/07 (dated

10/10/07) ("Rush's Reply") (D.I. _____).  Plaintiff filed an Addendum to Rush's Reply on or about 10-18-07

(Rush's Adden'") (D.I. _____). On 10-16-07, this Court issued an Order denying Rush's requests for medical

care and stated the following:

> Discussion: Defendants CMS and the Delaware Department of Correction ('DOC")
> respond that Plaintiff's motion should be denied. More specifically, the DOC argues that
> plaintiff's medical records appear to indicate that the *medical staff is monitoring and
> testing plaintiff's condition. CMS argues that plaintiff's motion is moot* with respect to his
> treatment for Hepatitis C. It argues that plaintiff's request for elective *surgery to treat
> lipoma should be denied inasmuch as the condition is not life-threatening* and does not
> constitute a serious medical condition. Additionally, *CMS notes that plaintiff has been
> seen by consulting dermatologists* and *CMS physicians who have monitored and treated
> his condition.* [ ] The medical records submitted indicate that *plaintiff is receiving
> ongoing care and treatment and is being followed for his medical conditions.* (D.I. 18-20)
> Plaintiff has been evaluated for Hepatitis C treatment and, assuming he remains stable,
> was scheduled to begin treatment on September 29, 2007. (D.I. 19, Aff't Dr. Lawrence
> McDonald). [ ] Plaintiff contends, but provides *no evidence to support his position, that
> he has "late-stage" lipoma which is a serious medical condition.* Dr. John Conlon ("Dr
> Conlon") avers that plaintiff's skim lipoma is benign and not life-threatening. (D.I.19
> Aff't Dr. John Conlon). He further avers that Lipoma do not present an immediate threat

to plaintiff's health. *Id.* Also, the *removal of lipoma is a cosmetic and elective surgical procedure. Id.* ...The records indicate that plaintiff has received, and continues to receive, care for his medical condition. ...*There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm.*...Therefore, the motion for temporary restraining order/preliminary injunction (D.I. 7) is denied. (See Order at items 3-6) (emphasis added).

On or about 10-24-07, Rush filed for Relief from Judgment (D.I. _____) because CMS had not begun said Hep C treatments, because it appears that CMS is attempting to cause an adverse drug reaction by directing Rush to begin the Ribavirin alone in conflict with posted "Warnings," and CMS had issued an outright refusal to treat Rush's Lipomas whatsoever.

Since then, CMS has reissued its dangerous and contrary directions to begin the Ribavirin alone. On 10-27-07, Rush confronted McDonald about same. McDonald acknowledged the drug manufacturer's posted "Warning" against taking the Ribavirin alone, but nevertheless directed Rush to begin the Ribavirin. Also, McDonald directed Rush to make sure that "they" (i.e. CMS medical staff/infectious disease nurse) took weekly blood labs so that he (McDonald) could properly monitor Rush's platelet counts. It is shocking that Rush, who is a patient and not versed in medical procedures- would be directed to ensure necessary medical procedures are followed correctly. (See Ex-A, Affidavit). And again the erroneous directions were reiterated by the Infectious Disease Nurse, Crystal on 10-27-07. (See Ex-B).Rush's life literally hangs in the balance. Also, it appears that CMS is attempting to manufacture a claim that Rush is non-compliant with the Hep C drug protocol because he does not wish to violate the drug manufacturer's posted warnings and begin the Ribavirin alone. Thus, generating a bad faith justification to discontinue Rush's Hep C treatments. Rush's request for the Court to Order treatments to begin and to Order and/or assign a responsible and knowledgeable medical monitor is clearly needed for Rush to avoid a significant threat to his health and well being. This threat is palpable and imminent. Rush simply cannot wait for the damage to occur, because any injuries at this juncture are permanent, life threatening, and at best they will cause premature death. There is no disputing these facts and CMS has repeatedly demonstrated its inability to adequately and safely administer Rush's life saving Hep C treatments.

   WHEREFORE, Rush reiterates his request in his motion for relief from judgment and prays that the Court reconsider its prior denial in view of the circumstances surrounding Rush's dire health situation.

David Rush    11-1-07
David Rush, SBI # 173418    Date
1181 Paddock Rd.
Smyrna, DE 19977

2

Exhibit-A

AFFIDAVIT OF DAVID RUSH

1. I David Rush am the Affiant listed above and do depose and stated the following in support of Rush v. CMS, et al, 07-514-SLR:

2. On Saturday 10-27-07 Affiant met Dr. Lawrence McDonald, who is the Infectious Disease doctor in relation to Affiant's Hep C.

3. On Friday (10-19-07) Affiant had received a chest X-ray and had met Dr. Vandusen for a Clinic (thyroidism).

4. However, Dr. McDonald called Affiant in on 10-27-07 for another chest X-ray and Affiant informed McDonald that said X-ray was preformed on 10-19-07.

5. McDonald then altered his position and stated that he had not received the chest X-ray because it had not been developed yet.

6. It is Affiant's experience that –his prior 2006 chest X-ray- the chest X-ray is developed on premises nearly automatically because no sooner had it been snapped had the X-ray technician placed the developed X-ray print into the lighted viewing machine in Affiant's presence.

7. It appears that McDonald's statement about not having the X-ray was false.

8. Then McDonald stated he needed further blood labs from Affiant, but again Affiant informed McDonald that Affiant also just gave labs on Friday 10-26-07 the day before, and McDonald then claimed that all but the one he needed was taken.

9. McDonald then claimed that Affiant's Interferon treatments would begin within the next two weeks; however, McDonald added that Affiant was to begin the Ribavirin one week prior to the Interferon injections.

10. Affiant immediately challenged McDonald's direction to begin the Ribavirin in advance of the Interferon by stating the Affiant had read the drug manufacture's **Explicit Warning: Not to take the Ribavirin by itself without the Interferon injections**.

11. McDonald became visibly uncomfortable and stated in a stammering and rambling manner that this drug warning information was correct, but then McDonald continued on and reiterated the very same directions to Affiant to begin the Ribavirin a week before the Interferon injections.

1

12. Affiant's presence sense impression of McDonald's bizarre behavior and contradictions was that McDonald was conflicted, upset, and/or confused about what to do with Affiant's treatments. That there appeared to be some internal conflict that McDonald was unable or unwilling to share with Affiant, but that it obviously went against professional medical opinion.

13. Lastly, McDonald informed Affiant to "**make sure they stay on top of taking your weekly labs so we will be able to monitor your numbers.**"

14. Affiant was shocked that McDonald would resume that the medical staff in charge of following McDonald's medical orders would likely fail and/or need the patient to remind them to conduct the necessary labs for monitoring.

15. Affiant questioned McDonald as to why he would not be would not be here to ensure the monitoring and he stated that he was actually assigned to Sussex and had some nine prisons to monitor.

16. The above is true and correct as a product of Affiant's personal experience.

Sworn and Subscribed before me this ___1 ST___ day of __November__ 2007.


_David Rush_

David Rush


_Timothy J. Marts_

Notary Public

Commission expires: June 14, 2008

2

Exhibit-B

To: David Rush

From: Crystal

Start your ribavarin ~~today~~

as per Dr. McDonald

## CERTIFICATE OF SERVICE

I, David Rush, do swear that I have caused to be delivered the following filings:

1. Rush Seeks, Leave To Supplement His Motion For Relief From Judgment ;

2. N/A.

On the following defendants by placing same in a U.S. Mail Receptacle at the DCC Prison on

5 Th    day of November 200 7 .

(CMS Counsel)

James E. Drnec, Esq.

(Counsel for CMS, et al)

711 king STreeT

Wilmington, DE 19801

Counsel DDOC

Ophelia M. Waters

Deputy Attorney General

820 N. FRENCH STreeT

Wilmington, DE 19801

David Rush

David Rush, 173418
W-1, D-16
1181 Paddock Rd.
Smyrna, DE 19977

I/M: DAVID RUSH

SBI# 173418    UNIT W

DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570