IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-514-SLR |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of November, 2007, having reviewed plaintiff's motion for relief from judgment and supplement, which the court construes as a motion for reconsideration, IT IS ORDERED that the motion (D.I. 32) is **denied** for the reasons that follow:

1. **Background.** Plaintiff, who appears pro se, filed this civil rights case pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs. On October 16, 2007, the court denied plaintiff's motion for a temporary restraining order/preliminary injunction for immediate medical treatment and care. (D.I. 25) Plaintiff now seeks reconsideration of that order. (D.I. 32) Defendant Correctional Medical Services ("CMS") opposes the motion.

2. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

 3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

 4. **Discussion**. Plaintiff asks the court to reconsider its decision denying him injunctive relief. He contends the court's conclusions are in error, not supported by the factual record, are based on a misapprehension of facts as manipulated by CMS, and failed to consider his reply and exhibits in any meaningful and fair manner. Essentially, plaintiff disagrees with the court's October 16, 2007 order. The court has thoroughly reviewed all filings relevant to plaintiff's motion seeking injunctive and finds that there is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

 5. Even though the court will deny plaintiff's motion for reconsideration, it

deems it necessary to address another issue. In responding to plaintiff's motion for injunctive relief, CMS made representations to the court that, assuming plaintiff remained stable, he would begin Hepatitis C treatment on September 29, 2007. Plaintiff's current motion raise a concern inasmuch as he states that he is not receiving the "promised 'Interferon injections'" for his Hepatitis C condition but, rather, was directed to first begin Ribavirin. (D.I. 32) Plaintiff indicates that Ribavirin is contraindicated for his condition. CMS did not address this issue in its opposition to the motion for reconsideration. Accordingly, CMS, **shall, within four days from the date of this order**, advise the court if Rush is receiving the appropriate medical treatment for his Hepatitis C condition as it previously represented to the court.

                                                            */s/ Sue L. Robinson*
                                            UNITED STATES DISTRICT JUDGE