UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID RUSH, | ) |
| Plaintiff, | ) |
| v. | )  C.A. No. 07-514-SLR |
| CORRECTIONAL MEDICAL SERVICES, et al | ) |
| Defendants. | ) |

PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL

Rush moves the Court, pursuant to Fed. R. Civ. P. rule 8 (a) (1) and any applicable Del. Local Rules or authority, and requests that a stay of judgment pending Appeal to be entered for the sua sponte Order of the Court (e.g. 10-30-07, D.I. _____ ) dismissing various claims and defendants. Rush is pro se and he seeks pleading leniency under Haines v. Kerner, 404 U.S. 519 (1972). Rush offers the following:

1. The order/judgment (claims and defendants) that are subject to the appeal do not involve any injunction, receivership, or accounting in patent infringement actions.

2. Rush respectfully submits that the Court's judgment is factually and legally erroneous; that the Court abused its discretion or committed err of law and absent a stay of judgment pending an appeal, Plaintiff faces prejudice.

3. Rush regretfully submits that the Court's judgment raises a genuine question of the Court's ability to be a fair, impartial, and unbiased tribunal in this case.

Rush regretfully files simultaneously with this request a 28 U.S.C. section 144 affidavit stating that the Court has exhibited personal bias and/or prejudice and that voluntary recusal is warranted. Rush requests that the Court voluntarily recuse herself and that another Judge be assigned, and Affiant requests that the Clerk of the Court provide plaintiff with a Magistrate agreement form for the parties to sign and agree to.

5. Rush should not be required to post security: Plaintiff is an indigent prisoner and is unable to post security and he requests the Court to exercise its discretion to excuse an impoverished litigant from doing so. In view of the serious medical dangers confronting Rush, which creates exigent circumstances and because Rush's action is meritorious, the Court is warranted in granting the relief requested without requiring the posting of security.

WHEREFORE, the reasons stated above, Rush requests the Court to grant the relief requested.

David Rush
David Rush, SBI 173418
1181 Paddock Rd., Smyrna, DE 19977



FILED
NOV 20 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

11-08-07
Date

## AFFIDAVIT OF DAVID RUSH

1. I, David Rush, am the Affiant listed above and do depose and state the following in support of the following: *Rush v. CMS, et al,* 07-514-SLR:

2. Affiant flies this affidavit pursuant to 28 U.S.C. section 144 and declares that the Court exhibited in its sua sponte order of 10-30-07 (D.I. \_\_\_\_\_) personal bias and prejudice against Plaintiff and his meritorious claims.

3. For example, the Court –sua sponte- erroneously dismissed Rush's valid medical claims ostensibly due to exceeding the statute of limitations, without notice to Plaintiff, and despite the following:

   a). Despite the Court's failure to consider whether any state tolling provisions applied. See *Mark v. Talley*, 502 A.2d 972 (Del Supr 1985);

   b) Despite the Court's failure to consider Rush's specific claims of a *continuing wrong* that did cause a *cumulative injury,* which tolls the stature of limitations. See *Ewing v. Beck*, 520 A.2d 653 (Del Supr. 1987); *Martin v. Gopez*, 674 F.Supp 1134 (D. Del. 1987) and *Carr v. Dewy Beach* 730 F. Supp. 591, 603 (D. Del. 1990);

   c) Despite bad faith of defendants to frustrate and/or prevent Affiant from asserting his federal claims (e.g. denial of administrative grievance procedure, which equates to denial of access to the courts) See *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997); and

   d) Despite Federal dictates that permit tolling of a state's statute of limitations under Equitable Estopple when –as here- their employment would frustrate Affiant's federal claims. See *Heck*, 997 F.2d \_\_\_\_\_, 358 (_____).

4. Additionally, the Court's sua sponte order erroneously dismissed defendants ostensibly because they gave continuing care for Affiant's Hep C. disease, but the Court's reading of Affiant's complaint is incongruous and it misapprehends his actual claims: (a) That defendants denied and created an inordinate delay in providing the life saving Hep C care that defendants knew Affiant required in conflict with the legitimate medical factors and recommendations of a liver specialist (Dr. Scott Hall) to realize a custom/policy of cost-avoidance, and which did cause Affiant permanent tangible injuries and significant risk to his health, and/or (b) That defendants doggedly continued a course of care that they

-2-

knew was ineffective and posed an unnecessary risk of serious future injury in complete conflict with the known legitimate medical factors and specialized recommendations. Thus, Affiant's claims clearly distinguished the "some treatment" or "continuing care" line of cases, but the Court disregarded his pleadings and unilaterally dismissed them and this too was in conflict with reading said claims in a light that favors pro se plaintiff.

5. Also, the Court's sua sponte order erroneously dismissed Affiant's claims that involved the denial of the administrative grievance procedure, but it was misplaced because the Court' reading again was incongruous and misapprehended and Affiant's actual claims were premised on (a) Retaliation and (b) Denial of access to the Courts, and did not claim that Affiant enjoyed a constitutional right to a certain type of grievance procedure.

5. It is disturbing that the Court would fail to ascertan Affiant's claims with such incongruity when Affiant arguable articulated these legal theories.

6. It is undisputable that this Court is well versed in the law and competent, so a disturbing question arises in view of the Court's erroneous rulings, and Affiant questions the Court's ability to remain as an impartial, unbiased, and fair tribunal in this matter.

7. Rush regretfully files this affidavit in good faith and does not have any malintent whatsoever.

8. Rush requests that the Court voluntarily recuse herself and that another Judge be assigned, and Affiant requests that the Clerk of the Court provide plaintiff with a Magistrate agreement form for the parties to sign and agree to.

9. The above is a product of Affiant's personal experience and knowledge to the best of his beliefs.

SWORN and SUBSCRIBED before me this ___8 Th___ day of November 2007.

*David Rush*

David Rush, SBI 173418

*Timothy J. Mark*

Notary Public
Commission expires: June 14, 2008

-3-

## CERTIFICATE OF SERVICE

I, David Rush, do swear that I have caused to be delivered the following filings:

1. PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL ;

X

On the following defendants by placing same in a U.S. Mail Receptacle at the DCC Prison on 19Th day of November 2007.

(CMS Counsel)   (FCM Counsel) [crossed out]

James E. Drnec, Esq.
(Counsel for CMS, et al)
711 King St.
Wilmington, DE 19801

*David Rush* [signature]
David Rush, 173418
W-1, D-16
1181 Paddock Rd.
Smyrna, DE 19977

I/M: DAVID RUSH
SBI# 173418   UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570



UNITED STATES POSTAGE
MAILED FROM ZIP CODE 19977
NOV 19 2007

I/M: DAVID RUSH
SBI# 173418  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570