NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Circuit Court Docket No. _____

David . Rush,

Plaintiff/Appellant,                                         District Court CA, No. 07-514-SLR

    v.

Correctional Medical Services, Inc. et al

Defendants/Appellee (First Correctional Medical, Inc.)

Defendant/Appellee (Correctional Medical Services, Inc et al)

District Court Judge: Honorable Sue L. Robinson

Notice is hereby given that David Rush, (Plaintiff/Appellant), appeals to the United States District Court of Appeals for the Third Circuit from the following U. S. District Court's Orders:

a)    Order (D.I. 25) (10-16-07) and (D.I. 34), and the denial of Plaintiff's motions for reargument/relief from judgment from Court's Order D.I. 25 Denial of (D.I.  _39_  )

*David Rush*

David Rush, SBI #173418, S-1, 1181 Paddock Rd., Smyrna, DE 19977

$\frac{11-26-07}{\text{Date}}$



FILED

NOV 3 0 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

NO IFP

I, David Rush, Plaintiff/Appellant, do swear that I have caused to be delivered upon the below listed parties the following true and correct filings:

1. NoTiCE OF APPEAL _____ __

_____

_____ ,

2. _____

_____

_____ .

3. _____

_____ .

By placing same in a U.S. Mail receptacle on 28Th day of November 200 7.

David Rush
David Rush

U.S. Court of Appeals
For the Third Circuit
U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

U.S. District Court
844 King St,
Lock box 18
Wilmington, DE 19801

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID W. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-514-SLR |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM ORDER

At Wilmington this *l&*day of October, 2007, having considered plaintiff's motion

for temporary restraining order/preliminary injunction (D.I. 7), and the papers submitted

thereto;

IT IS ORDERED that the motion is denied, for the reasons that follow:

1. **Background**.  Plaintiff, David R. Rush, an inmate housed at the Delaware

Correctional Center ("DCC"), filed a motion for temporary restraining order/preliminary

injunction.  (D.I. 7) The motion states that plaintiff requires emergency medical care for

treatment of his acutely painful lipoma growths, atrophied shoulder muscle, late stage

Hepatitis C, and liver cirrhosis.  The court ordered defendant, Correctional Medical

Services ("CMS"), and the Attorney General of the State of Delaware to file responses

to plaintiff's motion.  (D.I. 13)  Responses were filed along with plaintiff's medical

records.  (D.I. 17, 18, 19, 20)

2. **Standard**.  When considering a motion for a temporary restraining order or

preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the

merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result

in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Defendants CMS and the Delaware Department of Correction ("DOC") respond that plaintiff's motion should be denied. More specifically, the DOC argues that plaintiff's medical records appear to indicate that the medical staff is monitoring and testing plaintiff's condition. CMS argues that plaintiff's motion is moot with respect to his treatment for Hepatitis C. It argues that plaintiff's request for elective surgery to treat lipoma should be denied inasmuch as the condition is not life-threatening and does not constitute a serious medical condition. Additionally, CMS notes that plaintiff has been seen by consulting dermatologists and CMS physicians who have monitored and treated his condition

4. The medical records submitted indicate that plaintiff is receiving ongoing care and treatment and is being followed for his medical conditions. (D.I. 18, 20) Plaintiff has been evaluated for Hepatitis C treatment and, assuming he remains stable, was scheduled to begin treatment on September 29, 2007. (D.I. 19, aff. Dr. Lawrence McDonald)

5. Plaintiff contends, but provides no evidence to support his position, that he has "late-stage" lipoma which is a serious medical condition. Dr. John Conlon ("Dr.

-2-

Conlon") avers that plaintiff's skin lipoma is benign and not life-threatening. (D.I. 19, aff. Dr. John Conlon) He further avers that lipoma do not present an immediate threat to plaintiff's health. Id. Also, the removal of lipoma is a cosmetic and elective surgical procedure. Id.

5. Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. The records indicate that plaintiff has received, and continues to receive, care for his medical conditions. Moreover, the medical records indicate that CMS is monitoring plaintiff's conditions. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

6. **Conclusion.** Therefore, the motion for temporary restraining order/ preliminary injunction (D.I. 7) is **denied.**

United States District Judge

-3-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID R. RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-514-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., SCOT ALTMAN, | ) |
| CHRISTINE MALANEY, DONNA | ) |
| PLANTE, DR. JOHN DOE, GAIL | ) |
| ELLER, DR. FREDERICK DURST, | ) |
| DR. MUHAMMAD NIAZ, FIRST | ) |
| CORRECTIONAL MEDICAL, INC., | ) |
| DR. SITTA ALIE, DR. MCDONALD, | ) |
| and DEBBIE RODWELLER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of October, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: the claims against defendants First Correctional Medical, Inc., Dr. Sitta Alie, Dr. John Doe, Dr. Frederick Durst, Dr. Muhammad Niaz, and Dr. McDonald are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A; plaintiff may proceed against defendants Correctional Medical Services, Inc., Christine Malaney, Donna Plante, Scot Altman, Gail Eller, and Debbie Rodweller, and plaintiff's pending motions are denied, for the reasons that follow:

1. **Background**. Plaintiff David Rush, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He

appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments and the Privileges and Immunities Clause of Article IV of the U. S. Constitution. More particularly, plaintiff alleges defendants were deliberately indifferent to his serious medical conditions of lipoma[1], shoulder pain, and Hepatitis C, and they did not properly process or investigate his grievances or follow prison grievance procedures. Plaintiff also filed motions for leave to docket and process his complaint, to appoint an expert, and to appoint counsel. (D.I. 3, 4, 11)

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D.

---

[1]A benign tumor composed chiefly of fat cells. The American Heritage Stedman's Medical Dictionary 464 (2d ed. 2004).

Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion.** Plaintiff alleges he has several late-stage, and acutely painful, lipoma growths and that defendants Correctional Medical Services, Inc. ("CMS"), Scott Altman ("Altman"), Christine Malaney ("Malaney"), Donna Plante ("Plante"), Dr. John Doe ("Dr. Doe"), Gail Eller ("Eller"), Dr. Frederick Durst ("Dr. Durst"), First Correctional Medical, Inc. ("FCM"), Dr. Sitta Alie ("Dr. Alie"), and Dr. McDonald ("Dr. McDonald") were

-3-

deliberately indifferent to his serious medical needs beginning in March 2005 and
continuing through April 2007. (D.I. 2, count I; "First Cause of Action"). Plaintiff also
complains that he has an acutely painful right shoulder and that defendants CMS, Dr.
Durst, and Eller were deliberately indifferent to his serious medical needs beginning
March 2006 and continuing through June 2006. (Id. at count II; "First Cause of Action")
Plaintiff further alleges that he has Hepatitis C and that FCM, Dr. Muhammad Niaz ("Dr.
Niaz"), Eller, Dr. Durst, Altman, and Debbie Rodweller ("Rodweller") were deliberately
indifferent to his serious medical needs beginning in March 2003 and continuing through
May 2007. (Id. at count III; "First Cause of Action") The complaint also contains
allegations against CMS, Malaney, Plante, Eller, Rodweller, and Altman which relate to
grievances plaintiff filed and his rights to access to the courts and to due process. (Id. at
counts I, II, III; "Second Cause of Action") Finally, plaintiff alleges in a wholesale fashion
that CMS, Malaney, Plant, Rodweller, and Eller violated his right to equal protection,
freedom of speech, and the Privileges and Immunities Clause of Article IV of the U.S.
Constitution. (Id.)

$\theta$-17-07

$\theta$-17-05

5. **Statute of Limitations**. The complaint was filed on August 17, 2007.[2] There
is a two year statute of limitation period for § 1983 claims. See 10 Del. Code § 8119;
Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue

_____

[2]The computation of time for complaints filed by pro se inmates is determined
according to the "mailbox rule" and the complaint is deemed filed as of the date it was
delivered to prison officials for mailing to the court. Houston v. Lack, 487 U.S. 266
(1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234
F.Supp. 2d 458, 463 (D. Del. 2002). Inasmuch as the complaint was signed on August
17, 2007, this is the earliest date it could have been delivered to prison officials for
mailing.

-4-

"when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

6. The complaint contains allegations against FCM in counts I and III, Dr. Alie in count I, and Dr. Niaz in count III for their actions or inactions on dates prior to August 16, 2005. (See D.I. 2, ¶¶ 27, 28, 31-51, 311, 337, 339.) The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Wakefield v. Moore, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the complaint that the claims in the foregoing listed paragraphs against FCM, Dr. Alie, and Dr. Niaz are barred by the two year limitation period. Therefore, the court will dismiss those claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). All claims against FCM and Dr. Alie are barred by the applicable limitation period and, therefore, they will be dismissed from the case. The remaining claims against Dr. Niaz will be discussed later in this memorandum opinion.

7. **Medical**. The Eighth Amendment proscription against cruel and unusual

-5-

punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

8. However, "a prisoner has no right to choose a specific form of medical treatment, so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

9. In count I, the lipoma count, plaintiff alleges that CMS, Plante, Malaney, Altman, and Eller delayed and denied him medical care with regard to his lipomas, even

-6-

though they had notice of his serious medical condition. In count II, the shoulder count, plaintiff alleges that CMS and Eller delayed, denied and were deliberately indifferent to his acutely painful right shoulder. In count III, the Hepatitis C count, plaintiff alleges that CMS, Eller, Rodweller, and Altman delayed, denied, knowingly provided less efficacious medical care, and were deliberately indifferent to his chronic medical condition of Hepatitis C.[3] Plaintiff may proceed against CMS and Eller on counts I, II, and III; against Plante and Malaney in count I; against Altman in count I and III, and against Rodweller in count III.

10. In count I, plaintiff also alleges that he was finally seen by Dr. Doe on January 5, 2006, some three months after he filed a request for medical treatment. (D.I. 2, ¶ 98) Plaintiff alleges that Dr. Doe constantly interrupted him and was dismissive. (Id. at ¶ 100) Plaintiff alleges Dr. Doe disregarded his symptoms, dismissed a prior diagnosis, and mis-diagnosed his condition. (Id. at ¶¶ 101-106) Finally, plaintiff complains that Dr. Doe refused to prescribe "any appropriate pain meds contrary to the obvious need." (Id. at ¶¶ 107-108) Dr. Doe indicated that he would schedule plaintiff for a follow-up consultation. (Id. at ¶ 106)

11. Count I next alleges that plaintiff was seen by Dr. Durst on February 10, 2006. (Id. at ¶¶ 109-110) Dr. Durst ordered surgery for the removal of the lipomas, but did not provide pain medication. (Id. at ¶¶ 111-115) Counts I and II allege that plaintiff

---

[3]Plaintiff makes a general allegation against Dr. Durst in paragraph 289, but makes no specific allegations. Therefore, the court will dismiss the claims in count III against Dr. Durst. Count III makes no general allegations against Rodweller but it contains specific allegations against Rodweller and plaintiff will be allowed to proceed against her.

was again seen by Dr. Durst on March 14, 2006. (Id. at ¶¶ 129, 132) At that time Dr.
Durst conducted an examination, ordered pain medication and ordered an MRI of the
left shoulder to rule out a torn rotator cuff. (Id. at ¶¶ 132, 133) Count II alleges that on
June 14, 2006, plaintiff was seen by Dr. Durst who advised him that he did not have a
torn rotator cuff, but suffered from "droopy shoulder muscle." (Id. at ¶¶ 255-277)
Plaintiff complained to Dr. Durst that Motrin was inadequate for the pain but was told by
Dr. Durst that he was not permitted to prescribe anything stronger. Plaintiff complains
that Dr. Durst disregarded his complaints, that he did not receive a tangible treatment
plan, and that he was sent away by a disinterested Dr. Durst.

12. Count I further alleges that in December 2006 plaintiff was seen by Dr.
McDonald for his Hepatitis C condition: (Id. at ¶¶ 192-199) Plaintiff alleges that he
provided his history of lipomas to Dr. McDonald who dismissed the lipoma condition and
refused to follow-up on surgery or provide any care for the lipomas, telling plaintiff that
surgery to remove a lipoma was considered an unnecessary operation.

13. Count III alleges that plaintiff met with the infectious disease doctor, Dr. Niaz,
on March 18, 2006,[4] for treatment of his Hepatitis C. (Id. at ¶¶ 348, 349) Dr. Niaz told
plaintiff he would order a load count, liver biopsy, and lab work. (Id. at ¶ 350) Niaz
recommended Interferon treatments on March 25, 2006. (Id. at ¶¶ 351-353) Plaintiff
alleges that, on that date, Dr. Niaz did not discuss with him the side effects of Interferon
and made a false entry in plaintiff's medical records that he had discussed said

---

[4]Count III contains other allegations against Dr. Niaz but, as discussed above in
paragraphs five and six, they are barred by the two year limitation period.

treatments with plaintiff on September 8, 2005. (Id. at ¶ 353) Plaintiff received a viral
load count, blood work and x-rays in March and April 2006 and was scheduled to see Dr.
Niaz in early April 2006, but did not see him until May 12, 2006. (Id. at ¶¶ 359-361)
Plaintiff alleges that his viral load count was very high and Dr. Niaz asked plaintiff if he
wanted to receive Interferon treatments, but he would not discuss the side effects of the
drug. (Id. at ¶¶ 362-363, 366) When plaintiff told Dr. Niaz he wanted to make an
informed decision, Dr. Niaz told plaintiff he would have to be rescheduled. (Id. at ¶¶
364-365) Plaintiff withdrew his consent for Interferon treatments pending receipt of the
requested information from CMS. (Id. at ¶ 368)

14. The claims against Dr. Doe, Dr. Durst, and Dr. McDonald in count I, against
Dr. Durst in count II, and against Dr. Niaz in count III, do not rise to the levels of
constitutional violations. The allegations are not that these physicians were deliberately
indifferent to plaintiff's serious medical needs but, rather, that plaintiff disagreed with the
treatment rendered or opinions offered. The allegations against Dr. Doe, Dr. Durst, Dr.
McDonald and Dr. Niaz fail to state a claim upon which relief may be granted, and the
court will dismiss without prejudice the claims against them for failure to state a claim
upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(E)(2)(b).

15. **Grievances.** In count I, the lipoma count, plaintiff alleges that CMS refused
to reply to grievances he filed and violated inmate grievance procedures by refusing to
hear grievances within the time required (count I, ¶¶ 66-94, 161-164, 167-184). Plaintiff
also alleges he filed two written inquiries/complaints regarding the status of the

-9-

grievance, to no avail. Copies were provided to Malaney and Plante. Plaintiff filed a

formal grievance and a second medical grievance. The grievances ultimately resulted in

a finding in favor of plaintiff. The formal grievance hearing was held in front of Eller and

Altman also made findings with regard to grievances filed by plaintiff.

16. Count II, the shoulder count, alleges that plaintiff complained that Motrin

provided did not relieve his pain, that CMS failed to process or screen a grievance he

filed on the issue, and that Rodweller did not adequately screen or investigate the

grievance. (Id. at ¶¶ 239, 245-254) Count II further alleges that during the second

formal grievance hearing Eller headed the medical board, represented CMS, and

"perfunctorily" denied that plaintiff needed medical treatment. (Id. at ¶¶ 279-285)

17. Count III, the Hepatitis C count, alleges that plaintiff filed a grievance

regarding his Hepatitis C condition and CMS' delay in treatment. (Id. at ¶ 367) He

alleges that in response to the grievance Rodweller and Eller made promises that

plaintiff would receive a medical appointment to discuss Interferon treatments. (Id. at ¶

371)

18. The filing of a prison grievance is a constitutionally protected activity.

Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006).

Although prisoners have a constitutional right to seek redress of grievances as part of

their right of access to courts, this right is not compromised by the failure of prison

officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa.

2004). This is because inmates do not have a constitutionally protected right to a

grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir.

-10-

2005)(citations omitted)(failure of prison officials to process administrative grievance did
not amount to a constitutional violation). Nor does the existence of a grievance
procedure confer prison inmates with any substantive constitutional rights. Hoover v.
Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995).
Similarly, the failure to investigate a grievance does not raise a constitutional issue.
Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

19. Plaintiff cannot maintain a constitutional claim based upon his perception that
his grievances were not properly processed, investigated, or that the grievance process
is inadequate. Therefore, the allegations against defendants CMS, Malaney, Plante,
Altman, Rodweller, and Eller regarding unconstitutional conduct relating to the
grievances plaintiff filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)
and § 1915A(b)(1).

20. **Motion for Leave to Docket and Process Complaint**. Plaintiff's motion for
leave to docket and process complaint that names a John Doe defendant is **denied**.
(D.I. 3) The court has screened the complaint and will dismiss John Doe as a
defendant. Additionally, the court will enter a service order for the remaining
defendants.

21. **Motion to Appoint Expert**. Plaintiff's motion to appoint expert is **denied**.
(D.I. 4)

22. **Motion to Appoint Counsel**. Plaintiff's motion for appointment of counsel
(D.I. 11) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has
no constitutional or statutory right to representation by counsel. See Ray v. Robinson,

-11-

640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.

1997). It is within the court's discretion to seek representation by counsel for plaintiff,

and this effort is made only "upon a showing of special circumstances indicating the

likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable

inability without such assistance to present the facts and legal issues to the court in a

complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir.

1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by

counsel may be appropriate under certain circumstances, after a finding that a plaintiff's

claim has arguable merit in fact and law).

    23. After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294

F.3d 492, 499 (3d Cir. 2002).

    24. In his motion for appointment of counsel, plaintiff states his case has legal

and factual merit, he is unfamiliar with the law and/or legal procedure; his medical

condition impairs his ability to present his case, the case is complex and requires

extensive discovery, the case requires a medical expert, the facts are in dispute and

credibility is a key issue, he is unable to afford counsel, and counsel is needed for

-12-

meaningful settlement negotiations and to effect service on several defendants in the

case. Upon consideration of the record, the court is not persuaded that appointment of

counsel is warranted at this time. Plaintiff has demonstrated an ability to present his

claims and there is no evidence that prejudice will result in the absence of counsel.

Moreover, this case is in its very early stages. The court has not entered a scheduling

order and discovery has yet to commence. The scheduling order will contain a deadline

for filing dispositive motions. Accordingly, further motions for appointment of counsel

shall be deemed denied without prejudice to renew should any of plaintiff's claim survive

summary judgment.

25. **Conclusion**. Based upon the foregoing analysis, plaintiff may proceed with

the medical needs claims in count I against Correctional Medical Services, Inc., Scot

Altman, Christine Malaney, Donna Plante, and Gail Eller; in count II against Correctional

Medical Services, Inc. and Gail Eller; and in count III against Correctional Medical

Services, Inc., Scot Altman, Gail Eller, and Debbie Rodweller. The grievance claims

against Correctional Medical Services, Inc., Scot Altman, Christine Malaney, Donna

Plante, Gail Eller, and Debbie Rodweller are dismissed without prejudice as frivolous

and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915 and § 1915A. All claims against defendants First Correctional Medical, Inc., Dr.

Sitta Alie, Dr. John Doe, Dr. Frederick Durst, Dr. McDonald, and Dr. Mohamad Niaz as

well as the due process, access to courts, equal protection, free speech, and Privileges

and Immunities Clause claims are dismissed, without prejudice, as frivolous and for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915

-13-

and § 1915A. Plaintiff's motion for leave to docket and process complaint and motion to appoint expert are denied. (D.I. 3, 4) The motion to appoint counsel is denied without prejudice. (D.I. 11)

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **the remaining defendants Correctional Medical Services, Inc., Christine Malaney, Donna Plante, Scot Altman, Gail Eller, and Debbie Rodweller,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 DEL. CODE ANN. § 3103(c). **Plaintiff shall provide the court with copies of the complaint (D.I. 2) for service upon remaining defendants and the attorney general. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. The United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return

-14-

of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

8.  **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service.

\*\*\*

UNITED STATES DISTRICT JUDGE

-15-

DI. 39

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DAVID W. RUSH,                        )
                                      )
            Plaintiff,                )
                                      )
    v.                                ) Civ. Action No. 07-514-SLR
                                      )
CORRECTIONAL MEDICAL SYSTEMS, )
et al.,                               )
                                      )
            Defendants.               )

### MEMORANDUM ORDER

At Wilmington this 16th day of November, 2007, having reviewed plaintiff's motion

for relief from judgment and supplement, which the court construes as a motion for

reconsideration, IT IS ORDERED that the motion (D.I. 32) is **denied** for the reasons

that follow:

1. **Background.** Plaintiff, who appears pro se, filed this civil rights case

pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs.

On October 16, 2007, the court denied plaintiff's motion for a temporary restraining

order/preliminary injunction for immediate medical treatment and care. (D.I. 25)

Plaintiff now seeks reconsideration of that order. (D.I. 32) Defendant Correctional

Medical Services ("CMS") opposes the motion.

2. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is

difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be

granted if the moving party shows: (1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

4. **Discussion.** Plaintiff asks the court to reconsider its decision denying him injunctive relief. He contends the court's conclusions are in error, not supported by the factual record, are based on a misapprehension of facts as manipulated by CMS, and failed to consider his reply and exhibits in any meaningful and fair manner. Essentially, plaintiff disagrees with the court's October 16, 2007 order. The court has thoroughly reviewed all filings relevant to plaintiff's motion seeking injunctive and finds that there is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration.

5. Even though the court will deny plaintiff's motion for reconsideration, it

2

deems it necessary to address another issue. In responding to plaintiff's motion for injunctive relief, CMS made representations to the court that, assuming plaintiff remained stable, he would begin Hepatitis C treatment on September 29, 2007. Plaintiff's current motion raise a concern inasmuch as he states that he is not receiving the "promised 'Interferon injections'" for his Hepatitis C condition but, rather, was directed to first begin Ribavirin. (D.I. 32) Plaintiff indicates that Ribavirin is contraindicated for his condition. CMS did not address this issue in its opposition to the motion for reconsideration. Accordingly, CMS, **shall, within four days from the date of this order**, advise the court if Rush is receiving the appropriate medical treatment for his Hepatitis C condition as it previously represented to the court.

UNITED STATES DISTRICT JUDGE

3



I/M DAVID RUSH
SBI# 173418    UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





# FIRST CLASS MAIL

U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570









