David Rush
SBI # 173418
1181 Paddock Rd.
Smyrna DE 19977
January 22, 2008

**FILED**
FEB -1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re: Notice of Demand for Hep C Therapy
Rush v. CMS, et al CA No. 07-514-SLR

The Honorable Sue L. Robinson:

I am writing the Court to clarify my position and decision regarding the Hepatitis C therapy. It appears CMS/McDonald is employing a pretext as a justification for their denial of my Hep C therapy. I request that this Demand/Notice be docketed with the Court.

For example, Dr. McDonald states [1] that I have to make an informed decision before beginning the Hep C therapy as if the therapy is being held up by me. I have made my decision and I have signed the consent form on 3-27-07. Again, I declare to CMS and Dr. McDonald –so that there is no confusion on the matter- that I have made an informed decision based on the recommendation of liver specialist, Dr. Hall, on 1-22-07. What ever portion of functional liver I have left is what I wish to save. I have not now, in the past, nor will I reject the Hep C therapy. McDonald is not waiting on my approval to begin my Hep C therapy; alternatively McDonald is employing an illegitimate pretext to deny me the Hep C therapy. I demand the commencement of the Hep C therapy.

Thank you.

*David Rush*
David Rush

C.C. CMS Delaware Regional Offices & James Drnec, Counsel for CMS
    Dr. McDonald

---

[1] Please see attached Affidavit of David Rush.

## Affidavit of David R. Rush

1. I, David Rush, am the Affiant listed above and do declare and state the following in support of Rush v. CMS, et al, CA No. 07-514-SLR:

2. Affiant was sent to an outside clinic on January 4th, 2008, per order of Dr. McDonald, for an ultrasound procedure of the liver.

3. Affiant had already had a liver biopsy December 2006 and Rush met with a liver specialist an January 22, 2007 to review Rush's damaged liver/Hep C.

4. On the 9th of January, 2008, Affiant's name appeared on the inmate activity schedule for a 08:08 **Doctor's appointment**. Upon arriving at prison hospital, affiant was told by security that he was not on the list and was sent back to his housing area at 09:00 hrs.

5. On the 12th of January, 2008, affiant was scheduled for a 09:24 **Chronic care** appointment. Affiant was informed by security that no doctor was in (present) and affiant was again sent back to his housing unit at 09:40 hrs.

6. On the 17th of January, 2008, affiants' name appeared once again on inmate activity schedule under "**Medical Misc.**" at 14:24 hrs. However, affiant had the flu and with inclement weather (snow) affiant was unable to make this appointment.

7. Affiant was scheduled for a **Chronic care** appointment on the 19th of January, 2008. Dr. McDonald was present for this Chronic care. McDonald stated that it had been a while since he last saw affiant and that he had made three prior appointments in which affiant failed to show up for.

8. McDonald's statement is incorrect, because Affiant was not on any Medical scheduling for any Chronic care clinics for which he allegedly missed. The only scheduling Affiant missed was a "Medical Misc" on 1-17-08, which is normally for Affiant to pick up medications at the Medication Window.

9. Affiant asked Dr. McDonald if he was there to be shown the results of the ultrasound and Dr. McDonald affirmed this. When Dr. McDonald searched Affiant's medical file, the ultrasound test results could not be found. Dr. McDonald then asked Affiant to accompany him to the nurse's station, where the doctor asked "Crystal" (the interferon nurse) where were the results of the ultrasound? Crystal claimed that she put them in affiant's medical file because she knew that Dr. McDonald would need to see them.

10. Dr. McDonald then asked Affiant to return with him to his office, where the Doctor gave Affiant a check-up. Approximately, some fifteen minutes later, Doctor McDonald once again asked Affiant to accompany him to the nurse's station where upon arriving; Affiant witnessed Crystal looking at the online menu for lunch, rather than for Affiant's test results. When Dr. McDonald asked Crystal if she had found the results – she replied no, but suggested they might be on the other side, motioning toward the Psychology offices.

1

11. Affiant then told Dr. McDonald that it appears that you are not having any luck in finding the results and suggested that the Doctor simply re-scheduled Affiant once the results are found were located.

12. Dr McDonald then proceeded to inform Affiant that said ultrasound test results were important for Affiant to know in order to make an informed decision on whether to commence with the Interferon therapy.

13. Affiant was flabbergasted, because Affiant had already made an informed decision after the liver specialist's 1-22-07 recommendation and has been demanding CMS provide him the Hep C therapy.

14. Indeed, Affiant chose to seek treatment in 2003 and has continued to demand treatment ever since, but CMS has first denied Affiant the Hep C therapy, then more recently represented to the Delaware District Court that CMS had scheduled Affiant to begin the Hep C therapy, then subsequently filed false medical entries that Affiant had rejected the Hep C therapy. Each and every one of CMS's statements/representations has been demonstrated as false by Affiant.

15. CMS still continues to deny Affiant the needed and recommended Hep C therapy, and now Dr, McDonald has recycled an issue that has already been decided (i.e. Affiant has made an informed decision to commence with the Hep C therapy, and CMS is not awaiting Affiant's authorization, because Affiant has already provided it).

16. McDonald/CMS's continued denial is counter to representations repeatedly made to the Court, and it is based on a pretext, which Affiant again proves as made in bad faith.

17. The above is the product of Affiant's personal experience and is True and Correct.

Sworn and Subscribed before me this 24 Th _____ January 2008.

*David Rush*                         *Timothy J. Mato*
David Rush                               Notary Public
                                             Commission expires: June 14, 2008

AFFIDAVIT OF DAVID R. RUSH

1. I, David Rush, am the Affiant listed above and do depose and state the following in support of Rush v. CMD, et al. 07-514-SLR:

2. On Thursday, the thirteenth of December @ 14:12 Hrs. Affiant went to the infirmary for a Misc. Medical Appointment, in which an EKG was performed. This was a redundant procedure as an EK6 was performed a few weeks prior.

3. While waiting for the nurse to become available to perform the EKG, Affiant went to the pharmacy window and spoke with Derrick the Pharmacist to see if affiant had any Meds to be picked-up. Specifically, Affiant inquired about his Interferon.

4. Affiant wrote to the pharmacy, two weeks prior, regarding my treatment of Hepatitis C. and Affiant explained to Derrick that affiant has been receiving the ribavirin pills since October 1, 2007. And affiant has not received any interferon shots which the manufacturer recommends a combination therapy consisting of both (Interferon & Ribavirin) because monotherapy with Ribavirin alone is ineffective for the treatment of the hepatitis virus infection.

5. Affiant explained to Derrick that since some 70 odd days have passed since receiving the Ribavirin – Affiant was wondering what was the status on the Interferon? Specifically, was the interferon in stock? Had the Interferon been ordered? Was the Interferon on back order?

6. Derrick checked, said the Pharmacy received no Interferon for Affiant. Derrick checked Affiant's medical records beginning with September to the present and informed affiant that no entry by any doctor had been ordered for Interferon to date.

7. The above is a product of Affiant's personal experience and is true and correct.

Signed and sworn before me on 27th day of December

2007.

_David Rush_
DAVID RUSH

_Timothy J. Mato_
NOTARY PUBLIC
Commission expires: June 14, 2008

## CERTIFICATE OF SERVICE

I, Plaintiff, Rush, have caused to be delivered on the below defendants the following documents by placing same in the U.S. Mail receptacle at DCC prison on the 30 day of January, 2008.

1. Filings: Notice/Demand for Hep C Therapy
2. Filings: N/A
3. Filings: N/A

Defendants/Counsel:

James E. Drnec, Esq.
(Counsel for CMS, et al)
711 King Street
Wilmington, DE
19801

*David Rush*
David Rush, SBI # 173418, DCC W-1, D-16, 1181 Paddock Rd., Smyrna, DE 19977

IM DAVID RUSH
SBI# 173418  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
31 JAN 2008 PM 2 L

U.S. District court
844 King St.
Lockbox 18
Wilmington, DE 19801-3570

19801+35570