BLD-233

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4552
_____

DAVID R. RUSH,
                                                Appellant

v.

CORRECTIONAL MEDICAL SERVICES, INC.; SCOT ALTMAN;
CHRISTINE MALANEY; DONNA PLANTE; MD JOHN DOE; GAIL
ELLER; FREDERICK DURST; MD MUHAMMAD NIAZ; FIRST
CORRECTIONAL MEDICAL, INC.; MD SITTA ALI;
MD MCDONALD; DEBBIE RODWELLER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00514)
District Judge: Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2008

Before: MCKEE, RENDELL and SMITH, Circuit Judges

_____

**JUDGMENT**
_____

This cause came to be considered on the record from the United States District

Court for the District of Delaware and was submitted for possible dismissal pursuant to

28 U.S.C. § 1915(e)(2)(B) or summary action pursuant to Third Circuit LAR 27.4 and

I.O.P. 10.6 on June 19, 2008.  On consideration whereof, it is now hereby

      ORDERED and ADJUDGED by this Court that the judgments of the District Court entered October 16, 2007, and November 19, 2007, be and the same are hereby affirmed.  All of the above in accordance with the opinion of this Court.

                                ATTEST:

                                /s/ Marcia M. Waldron
                                Clerk

DATED:  July 31, 2008

**Certified as a true copy and issued in lieu of a formal mandate on**    08/22/08

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

BLD-233                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4552
_____

DAVID R. RUSH,
                                   Appellant

v.

CORRECTIONAL MEDICAL SERVICES, INC.; SCOT ALTMAN;
CHRISTINE MALANEY; DONNA PLANTE; MD JOHN DOE; GAIL
ELLER; FREDERICK DURST; MD MUHAMMAD NIAZ; FIRST
CORRECTIONAL MEDICAL, INC.; MD SITTA ALI;
MD MCDONALD; DEBBIE RODWELLER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00514)
District Judge: Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2008

Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed: July 31, 2008)
_____

OPINION
_____

PER CURIAM

      Appellant, David Rush, appeals from an order of the United States District Court

for the District of Delaware denying his motion for preliminary injunctive relief and a temporary restraining order ("TRO"). Rush also appeals from the District Court's order denying his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1] For the reasons that follow, we will summarily affirm the District Court.

Rush's complaint, filed pursuant to 42 U.S.C. § 1983, sought a temporary restraining order and injunctive relief ordering emergency medical treatment of his severe health conditions. On October 16, 2007, the District Court denied Rush's request for a temporary restraining order and for injunctive relief. Rush filed a motion for reconsideration, which the District Court denied on November 19, 2007. Rush appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). In reviewing a district court's denial of injunctive relief, "'[w]e review the district court's conclusions of law in a plenary fashion, its findings of fact under a clearly erroneous standard, and its decision to grant or deny the injunction for an abuse of discretion.'" New Jersey Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995) (citations omitted). We will summarily affirm a district court's order if an appeal presents no substantial

---

[1] To the extent that Rush seeks to appeal from the District Court's October 31, 2007 order, partially dismissing his complaint, we lack jurisdiction to consider his appeal at this time. An order entered by a District Court that decides fewer than all of the claims, or determines the rights and liabilities of fewer than all of the parties, is not immediately appealable unless the District Court directs entry of a final judgment. Fed. R. Civ. P. 54(b). Because the District Court's October 31, 2007 order does not dismiss all claims as to all parties and the District Court did not direct entry of judgment under Rule 54(b), the order is not appealable at this time.

question. See I.O.P. 10.6.

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." Id. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

The District Court concluded that Rush could not show irreparable harm absent issuance of the injunction. We agree. To show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury; an injunction may not be used to eliminate the possibility of a remote future injury. Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).

Rush has been diagnosed with Hepatitis C, cirrhosis of the liver and has a lipoma growth. Rush's complaint also alleges that he suffers from an atrophied shoulder muscle. On March 27, 2007, Rush began receiving Interferon injections for the treatment of his Hepatitis C. Accordingly, Rush's request for injunctive relief regarding the treatment of his Hepatitis C appears moot. In his supplemental response, however, Rush asserts that

the prison medical personnel are utilizing an unauthorized protocol for administering his Interferon shots. Rush asserts that the medical personnel prepare the syringe outside his view, thus placing him in danger of contracting HIV. Rush, however, fails to demonstrate how the protocol of preparing the syringe outside of his view places him in any danger, much less immediate danger, of contracting HIV. Regarding his lipoma growth, Rush asserts that the growth is painful and that surgery is necessary. The record, however, demonstrates that the lipoma growth is benign and does not constitute a serious medical condition. Moreover, the surgical procedure is elective. The record also demonstrates that Rush's liver cirrhosis is being continuously monitored and treated with no indication that the condition places him in danger of immediate irreparable harm. Furthermore, Rush has failed to demonstrate that his atrophied shoulder is the type of serious medical condition which places him in danger of immediate harm. Accordingly, Rush has not established the elements necessary for the issuance of a preliminary injunction.

For the foregoing reasons, we will summarily affirm the orders of the District Court. Rush's motion for leave to file a supplement to his emergency preliminary injunction is granted, and we have considered his supplement in rendering our decision. Rush's "Emergency Preliminary Injunction for Imminent Harm & TRO Motion" is denied. Appellees' motion to file appendices under seal is granted.