UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID RUSH, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CORRECTIONAL MEDICAL SERVICES, )<br>SCOTT S. ALTMAN, CHRISTINE )<br>MALANEY, DONNA PLANTE, GAIL )<br>ELLER, and DEBBIE RODWELLER )<br>)<br>Defendants. ) | Case No. 07-514 SLR<br>JURY TRIAL DEMANDED |

--------------------------------------------------------

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE[1]**

Defendant Correctional Medical Services, Inc. ("CMS"), by and through its undersigned counsel of record, hereby responds in opposition to Plaintiff's Motion for Judicial Notice (D.I. 63) and states as follows:

*Preliminary Statement*

1.  Plaintiff has submitted to the Court documents purportedly printed from various medical websites and/or texts and asks the Court to take judicial notice of certain information contained therein for the purpose of conclusively establishing such information as fact to form an evidentiary basis for the above-captioned action. (D.I. 63) Plaintiff's Motion should be denied. First, Plaintiff's requests inaccurately state the "medical facts" in the submitted materials, and the subject matter is not proper for judicial notice. Plaintiff's Motion is no more than an attempt to enter into evidence "expert testimony" which cannot be cross-examined without summoning

---

[1] Correctional Medical Services, Inc. has not yet been served, and does not waive its right to contest service by filing of this Opposition.

into Court, and compelling testimony from, the authors of the materials presented. Second, the Plaintiff's Motion is premature. He has just submitted a motion requesting leave to file an amended complaint (D.I. 62) and has not even effected service on any of the parties yet. Finally, the materials submitted dealing with hyperthyroidism appear to be irrelevant in that none of the claims Plaintiff has placed before this Court in either his initial or proposed amended Complaint contains any element dealing with hyperthyroidism.

*The Standard for Judicial Notice*

2. Federal Rule of Evidence 201 "governs only judicial notice of adjudicative facts," and provides, in relevant part:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

F.R.E. 201

Facts judicially noticed are binding on the jury: "In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. . . ." *Id.* Accordingly, the only opportunity a party has to challenge the veracity or accuracy of those facts is when they are submitted for consideration by the court.

*The "Medical Facts" Submitted by Plaintiff are not Appropriate for Judicial Notice and Misrepresent the Materials on Which they Rely*

3. Plaintiff has submitted portions of internet publications from MayoClinic.com, the Physician's Desk Reference, Roche Pharmaceuticals, TSH.org, and Medem.com. (D.I. 63, Exhibits A-G) The "facts" contained in those publications deal with medical conditions, signs and symptoms, treatments, and side effects. *Id.* However, the language employed in Plaintiff's Motion often mis-states the "facts" contained in the exhibits. For example, Plaintiff contends the

"Mayo Foundation . . . establishes the following medical facts: 1. Late stage symptoms of Hepatitis C ("HCV") include the following symptoms: . . ." (D.I. 63 at 1)  If the Court were to take judicial notice of this "fact," the jury would be instructed to accept as conclusively established that *all* sufferers of late-stage HCV experience *all* the symptoms set forth there, which is not the case.  The actual language from Exhibit A is:  "Even if you develop chronic hepatitis from the hepatitis C virus, you may have few, if any, symptoms.  In many cases, signs and symptoms may not appear for decades.  Sometimes, though, you may experience one or more of the following: . . ." (D.I. 63 Exhibit A at 2)  Contrary to Plaintiff's assertions, the text provides that some people (even those who develop chronic hepatitis) "may" experience "few, if any, symptoms" and goes on to say that "sometimes" a person "may" experience "one or more" of the enumerated symptoms.  That is a substantial difference between the actual language in the medical text and the "facts" that Plaintiff seeks to have judicially noticed.

4.      Plaintiff next asks the Court to take judicial notice of a list of "Aggravated or High Risk Symptoms of HCV that mandate immediate medical attention." (D.I. 63 at 1)  Again, the "facts" as phrased by Plaintiff are not reflected in the medical text.  Nowhere does Exhibit A identify any "Aggravated or High Risk Symptoms."  Moreover, the precise language in the documents is: "If you're being treated for hepatitis, see your doctor right away if you develop any of the following signs and symptoms: . . ." (*Id.,* Exhibit A at 3)  The text does not "mandate" "immediate attention" as suggested by Plaintiff.  There may be little difference in effect, but there is a difference.

5.      Plaintiff's third request is that the Court take judicial notice that "Treatment is recommended for HCV patients who experience the following: . . . A liver biopsy that indicates significant liver damage, and (e)levated levels of a liver enzyme . . ." (D.I. 63, Exhibit A at 4-5)

3

Neither this text, nor any other submitted by Plaintiff, defines what is considered "significant" liver damage or even how liver damage is quantified; nor does it explain the degree of "elevation" of liver enzyme necessary to trigger concerns substantial enough to warrant treatment. As such, this information is, on its own, misleading, vague and ambiguous, and does not carry the indicia of reliability sufficient to make judicial notice appropriate. Judicial notice is only appropriate when the information at issue is "capable of *accurate and ready determination . . .*" F.R.E. 201. If the Court is unable to quantify with precision or accuracy what is "significant" liver damage or establish the degree of "elevation" necessary to trigger treatment, then these facts should not be accepted. The burden should be on Plaintiff to supply the "necessary information" to allow the Court confidence in the accuracy of its decision. *See, e.g., In re Thirtyacre*, 154 B.R. 497, 500 (Bkrtcy.C.D.Ill. 1993) ("In this Court's view, the burden is on the party seeking to have the court take judicial notice of the fact to put the sources before the court and establish their complete accuracy"). Plaintiff has not done so here and so his request should be denied.

6.      Plaintiff's next proposal is to establish through judicial notice the "standard of care" for treatment of HCV through reference to the Mayo Clinic web site. (D.I. 63 at 2) None of the cases found in research dealt with such a proposition. The central issues in the majority of cases in which courts took judicial notice of medical facts were primarily whether plaintiffs were disabled within the meaning of the Americans with Disabilities Act ("ADA") where the court took judicial notice of symptoms of certain diseases and conditions and then used those facts to assist it in determining whether the plaintiff's activities of daily living were "impaired." *See, e.g., Harris v. H&W Contracting Co.,* 102 F.3d 516 (11th Cir. 1996); *Wright v. City of Tampa*, 998 F.Supp. 1398 (M.D.Fla., 1998). Establishing the standard of care in a medical negligence

action, or even a deliberate indifference action, should be done through expert testimony which is subject to cross-examination. Allowing Plaintiff to establish the standard of care would preclude any cross-examination on expert testimony and would substantially prejudice defendants in their defense of the claims at issue.

7. Plaintiff's return to the Mayo Clinic web site once again goes too far with the actual language of the text. Plaintiff seeks judicial notice that "Side effects of Combination Interferon/Ribavirin therapy include the following: Psychosis of suicidal behavior." (D.I. 63 at 2) The actual language is far broader and states that the therapy "may" cause these side effects "in a small number of people." (D.I. 63 Exhibit A at 6)

8. Plaintiff also seeks judicial notice of information contained in a pamphlet produced by Roche Pharmaceuticals. (D.I. 63 at 2) This is not appropriate fodder for judicial notice. *See In re Thirtyacre*, 154 B.R. at 500. *In re Thirtyacre* dealt with a defendant who, like Plaintiff here, asked the court to take judicial notice of information contained in a pamphlet prepared by a drug manufacturer: " . . . for this Court to find that the manufacturer's own representations regarding the drug are 'sources whose accuracy cannot reasonably be questioned' within the meaning of FRE 201(b) goes far beyond any reported application of that rule. There is no element of objectivity with such an application." *Id.* Like *Thirtyacre*, this Court should reject Plaintiff's request.

9. Plaintiff's final reference to the Mayo Clinic website is offered in support of his request for judicial notice that the "Risk factors for developing Liver Cancer are the following: . . ." (D.I. 63 at 3) which language suggests an exhaustive or complete list. However, the actual language from the text provides that the factors enumerated are "included" among numerous others. (D.I. 63, Exhibit D at 1) Plaintiff again inaccurately summarizes the medical information.

Plaintiff's Motion should be denied.

*"Medical Facts" Regarding Thyroid and Hypothyroidism are Irrelevant*

10.     Plaintiff next seeks to obtain judicial notice of a number of "facts" regarding the thyroid gland and its functions and symptoms and effects of hypothyroidism through the websites TSH.org and Medem.com. (D.I. 63 at 3-4) Attempts to visit TSH.org on September 4, 2008 resulted in a message that the website expired on August 16, 2008 and is pending renewal or deletion. (Exhibit "A")  Because that information cannot be corroborated, it should be disregarded.  Moreover, it is not known why the website was removed.  It could be as innocuous as failure to pay fees, or it could be that information on the site was found to be erroneous.  In any event, review of Plaintiff's complaint (D.I. 2) and proposed amended complaint (D.I. 62) do not contain any reference to thyroid issues, and so the information provided would appear to have no relevance to his claims regarding deliberate indifference to lipoma, shoulder pain, and diagnosis and treatment of hepatitis C.  (D.I. 2, 62)  Finally, the "medical facts" submitted in the Motion suffer from the same inaccuracies as those submitted on HCV.  Plaintiff adds emphasis where there is none in the original, underlines portions of the text, and inaccurately summarizes materials. (D.I. 63 Exhibits F, G, H)

*Plaintiff's Motion is Premature*

11.     Plaintiff is seeking to establish facts of record before he has even effected service on a single defendant and still has not perfected his initial pleading as evidenced by his recent Motion for Leave to File an Amended Complaint.  (D.I. 62)  If judicial notice is taken now, the Court may face numerous requests for reconsideration as each party is added. *See* F.R.E. 201(e) ("A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking

judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.")

WHEREFORE, for the foregoing reasons, Defendant Correctional Medical Services, Inc. respectfully requests the Court deny Plaintiff's Motion for Judicial Notice.

        BALICK & BALICK, LLC

         /s/ James E. Drnec
        James E. Drnec, Esquire (#3789)
        711 King Street
        Wilmington, Delaware 19801
        302.658.4265
        Attorneys for Defendant
        Correctional Medical Services, Inc.,

Date: September 5, 2008

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 4th day of September 2008, the foregoing Defendant Correctional Medical Services, Inc.'s Opposition to Plaintiff's Motion for Judicial Notice was filed via CM/ECF and served First Class Mail upon the following:

> David R. Rush
> SBI # 173418
> James T. Vaughn Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

    /s/ James E. Drnec
James E. Drnec, Esquire (#3789)

# Exhibit A

### Tsh.org



NetworkSolutions
tsh.org expired on 05/16/2008 and is pending renewal or deletion

Popular Categories:   Tsh Level   Hypothyroid   Doctor Online

Search here

- Hypothyroid
- Tsh Level
- Doctor Online
- Thyroid Cancer Treatment
- Health Insurance
- List Of Physicians
- Thyroid Medications



#### Backorder this domain

If you are not the current registrant for this domain name and want to register this domain, you may place a backorder. There are no upfront fees and no risk to place a backorder.

Backorder Domain

Learn More

#### Renew this Domain

If you are the current registrant for this domain name and wish to continue the registration on the domain, you must immediately contact the domain name provider and renew the domain name to ensure the name is not deleted.

Renew Now

*Once a domain name has been renewed, it may take up to 48 hours to be reactivated.

**By Relevance**
Health Information
Thyroid Disease

**By Popularity**
Thyroid Hair Loss
Thyroid Specialists

Popular Categories:   Health Insurance   Thyroid Medications   List Of Physicians   Health Information

Buy a domain name as low as $14.99

Search

☑ com   ☑ net   ☐ org   ☐ mobi
☐ biz   ☐ info   ☐ .eu   ☐ tv
☐ .us   ☐ Select all



**Free Domains!**
Get a FREE domain name with annual purchase!
Learn More



**Domain Name**
Certified Offer Service
Get the domain name you really want!
Learn More

**Build Your Business**
Special web site hosting offer
Forward visitors to your web site

#### How Powerful is Your Domain Name?
Get your FREE Domain Name Scorecard in less than 30 seconds.

What's Your SCORE?   Try It FREE

Trademark Free Zone   Review our Privacy Policy   Service Agreement   Legal Notice