IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID R. RUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-514-SLR |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., SCOT ALTMAN, ) | |
| CHRISTINE MALANEY, DONNA ) | |
| PLANTE, GAIL ELLER, ) | |
| DR. FREDERICK DURST, ) | |
| DR. LAWRENCE MCDONALD, and ) | |
| DEBBIE RODWELLER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of September, 2008 having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for leave to file an amended complaint (D.I. 62) is **denied** as **moot**; the clerk of the court shall file the amended complaint instanter; the claims against defendant Dr. Frederick Durst are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A; and plaintiff may proceed against defendants Correctional Medical Services, Inc., Scot Altman, Christine Malaney, Donna Plante, Gail Eller, Lawrence McDonald, M.D., and Debbie Rodweller, for the reasons that follow:

1. **Background.** Plaintiff David Rush ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma

pauperis. He alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments. More particularly, plaintiff alleges defendants were deliberately indifferent to his serious medical conditions of lipoma, shoulder pain, and Hepatitis C, and they did not properly process or investigate his grievances or follow prison grievance procedures. The court screened the original complaint and dismissed several claims and defendants but also allowed plaintiff to proceed against a number of defendants.[1] (D.I. 34) Plaintiff appealed the memorandum order and, as a result, defendants have not been served.

2. The United States Court of Appeals for the Third Circuit determined that it did not have jurisdiction to hear the appeal inasmuch as the memorandum order did not dismiss all claims as to all parties. *Rush v. Correctional Medical Services, Inc.*, No. 07-4552 (3d Cir. July 31, 2008). Thereafter plaintiff filed a motion for leave to file an amended complaint that, as noted above, is unnecessary as no parties have been served much less filed a responsive pleading to the complaint. *See* Fed. R. Civ. P. 15(a) ("a party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served"). The amended complaint reinstates defendants Dr. Frederick Durst ("Dr. Durst") and Dr. Lawrence McDonald ("Dr. McDonald").

3. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks

---

[1]The court dismissed all claims against defendants First Correctional Medical, Inc., Dr. Sitta Alie, Dr. John Doe, Dr. Frederick Durst, Dr. Lawrence McDonald, and Dr. Mohamad Niaz as well as due process, access to courts, equal protection, free speech, and Privileges and Immunities Clause claims.

-2-

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

4. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

5. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

6. **Discussion**. Counts I and II of the amended complaint are virtually identical to those found in the original complaint. In its original screening order, the court dismissed all claims raised against Dr. Durst and Dr. McDonald as contained in those counts. Once again, the court will dismiss the claims in counts I and II raised against Dr. Durst and Dr. McDonald.

7. Count III of the amended complaint, however, has been totally rewritten. As amended, count III adequately alleges Eighth Amendment medical needs claims against

-4-

Correctional Medical Services ("CMS"), Scott Altman ("Altman"), Gail Eller ("Eller"), Debbie Rodweller ("Rodweller"), Donna Plante ("Plante"), and Dr. McDonald. As in the original complaint, the amended complaint contains allegations against CMS, Malaney, Plante, Eller, Rodweller, and Altman which relate to grievances plaintiff filed and his rights to access to the courts and to due process. (Am. Compl. at counts I, II, III) Those claims will be dismissed for failure to state a claim upon which relief may be granted.

8. **Conclusion**. All claims against Dr. Durst and the grievance claims against CMS, Altman, Malaney, Plante, Eller, and Rodweller are dismissed pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed with the medical needs claims in count I against CMS, Altman, Malaney, Plante, and Eller; in count II against CMS and Eller; and in count III against CMS, Altman, Eller, Plante, Rodweller, and Dr. McDonald.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendant Dr. Lawrence McDonald**. Plaintiff has provided the clerk of the court with original "U.S. Marshal-285" forms for the remaining defendants Correctional Medical Services, Inc., Christine Malaney, Donna Plante, Scot Altman, Gail Eller, and Debbie Rodweller, and the Attorney General of the State of Delaware. **Plaintiff shall provide the court with copies of the amended complaint for service upon remaining defendants and the attorney general. The plaintiff is notified that the United States Marshal will not serve the amended complaint until the "U.S. Marshal 285" form for Dr. McDonald**

**and copies of the amended complaint have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" form and copies of the amended complaint within 120 days of this order may result in the amended complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3. Upon receipt of the form and amended complaints as required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the amended complaint, the October 31, 2007 order (D.I. 34), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE